# DECLARATION OF CHARLES THOMPSON

Pursuant to 28 U.S.C. § 1746, the undersigned states as follows:

1. My name is Charles Thompson. I am over twenty-one years of age and have personal knowledge of the matters set forth in this declaration. I am a resident of South Carolina.

2. I am a client of Drive Planning, LLC ("Drive" or "Drive Planning"). I became aware of Drive Planning through a pre-existing friendship with David Bradford ("Bradford").

3. In 2019, Mr. Bradford provided me with general financial planning advice, for which I paid a flat fee of approximately $2,000.

4. As some point in late-2020 or early-2021, Mr. Bradford recommended Drive Planning's Real Estate Acceleration Loan ("REAL") program as an investment opportunity for me. Mr. Bradford indicated that, under the REAL program, Drive Planning would use investor funds in connection with real estate transactions. Drive Planning guaranteed me a 10% return on my investment every three months, which Drive Planning would generate by lending funds to or otherwise investing with real estate developers. Mr. Bradford indicated that the REAL program was a good investment because it paid much higher returns than banks.

5. I did not invest in the REAL program at that time. Rather, I chose to watch how the REAL program performed before investing in the program.

6. In 2022, Mr. Bradford spoke to me again regarding the REAL program. This time, Mr. Bradford included Todd Burkhalter ("Mr. Burkhalter") on our call. Mr. Burkhalter repeated the same representations that Mr. Bradford had previously made about the REAL program, including the guaranteed 10% return every three months. Mr. Burkhalter also indicated that Drive Planning would use investor funds to make bridge loans to property developers and/or

enter into joint ventures with property developers. Mr. Burkhalter also stated that my investment in the REAL program was secured by real estate owned by Drive Planning, including a ranch and store in Blue Ridge, Georgia. Mr. Burkhalter said that the Blue Ridge properties would generate cash.

7. I reviewed a list of property that Drive Planning claimed was collateral for investments in the REAL program. Mr. Burkhalter and Mr. Bradford indicated that Drive Planning owned all such property either solely or as part of a joint venture with a real estate developer partner.

8. I also reviewed a brochure for the REAL program from Drive Planning's website. The information conveyed in the brochure was consistent with what Mr. Burkhalter and Mr. Bradford had told me, including that I would receive a 10% return on my investment every three months and that investor funds would be used as part of loans to real estate developers.

9. I also reviewed at least one video in which Mr. Burkhalter and Mr. Bradford made some of the same statements regarding the REAL program.

10. I was not told by Mr. Burkhalter or Mr. Bradford that my investment would or could be used by Drive Planning to make interest payments to other investors. I also was not told by them that my investment would or could be used by Drive Planning to pay back principal to other investors.

11. I was not told by them that my investment would or could be used by Drive Planning to fund the personal expenses of Drive Planning's principals, including Mr. Burkhalter or Mr. Bradford.

12. I was not told that certain of the properties paid for by Drive Planning using investor funds from the REAL program were not owned by Drive Planning.

13. In 2022, I invested $45,000 in the REAL program. I received my promised return in three months.

14. Reassured by the returns I received on my initial investment, I invested an additional $100,000 in the REAL program in early 2024. I have not received any interest payment from that investment or had my principal returned to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____7-9-2024____.

_____
Charles Thompson