UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**DRIVE PLANNING, LLC and RUSSELL TODD BURKHALTER,**<br><br>Defendants,<br><br>and<br><br>**JACQUELINE BURKHALTER, THE BURKHALTER RANCH, DRIVE PROPERTIES, LLC, TBR SUPPLY HOUSE, INC., and DRIVE GULFPORT PROPERTIES,**<br><br>Relief Defendants. | Civil Action No. 1:24-cv-03583-VMC |

**PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER EQUITABLE RELIEF**

On the application of Plaintiff Securities and Exchange Commission ("Commission" or "SEC") for an Order (1) freezing assets; (2) preventing document alteration or destruction; and (3) obtaining an accounting:

The Court, having considered the Complaint in this action, the SEC's motion for emergency relief, and the supporting documents submitted therewith, makes the following findings:

1. The Court has jurisdiction over the subject matter of this action and over the Defendants and the Relief Defendants.

2. The Commission has made a sufficient showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)], by evidence establishing a prima facie case that the Defendants, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. §17q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. In making these findings, the Court notes that Defendants Russell Todd Burkhalter and Drive Planning, LLC (collectively, "Defendants") deny engaging in any wrongdoing or violation of the law and the Court is not rendering a final decision on the merits of this case.

3. In addition, the Commission has made a sufficient showing that the Relief Defendants likely obtained money or property causally connected to the activity alleged in the Complaint without a legitimate claim to those assets. In making these findings, the Court notes that Relief Defendants deny the Commission's allegations and the Court is not rendering a final decision on the merits of this case.

4. The Court finds that the Commission has made a sufficient showing that, unless restrained and enjoined by order of this Court, Defendants and/or the Relief Defendants will dissipate, conceal, or transfer assets which could be the subject of an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

5. The Court also finds that the Commission has made a sufficient showing that, unless restrained and enjoined by order of this Court, Defendants and/or the Relief Defendants may alter or destroy documents relevant to this action.

Now, therefore, in accordance with Federal Rule of Civil Procedure 65(a),

## I.

**IT IS HEREBY ORDERED** that, until further order of the Court:

A. The assets of Defendants are hereby frozen. The freeze shall include but not be limited to those funds located in any bank or brokerage accounts of the Defendants. In addition, proceeds derived from the securities offerings alleged in the Commission's complaint remaining in the custody or control of any Defendant are hereby frozen regardless of where said proceeds are located. This freeze shall also include real property owned by any of the Defendants. However, notwithstanding this paragraph, Defendant Burkhalter may transfer $62,000 from the JP Morgan Chase account ending in 5917 to a new bank account to cover his reasonable living and other expenses for the next six months. In addition, Defendant Burkhalter may continue to pay reasonable expenses, incurred in the ordinary course of business, out of the operating account for Club 201 at the Detroit, provided that he provides the Receiver appointed in this matter with a weekly report of the funds deposited into and withdrawals from that account and any other information requested by the Receiver regarding the flow of such funds or the business operations of Club 201 at the Detroit. The Receiver may, upon motion after conferring with counsel for Defendant Burkhalter, seek further relief with respect to Club 201 at the Detroit. In addition, the Receiver shall not seek to sell or otherwise require Mr. Burkhalter to vacate the condominium at which he currently resides without leave of the Court.

The assets of Relief Defendants are also frozen. However, notwithstanding this paragraph, Relief Defendant Jacqueline Burkhalter may transfer $55,000 from her SouthState bank account ending in 0818 to a new bank account to cover her reasonable living and other expenses. Relief Defendant Burkhalter Ranch may also continue to pay its reasonable expenses, incurred in the ordinary course of business, out of its bank accounts, provided that the Burkhalter Ranch provides the Receiver appointed in this matter with a weekly report of the funds deposited into and withdrawals from those accounts and any other information requested by the Receiver regarding the flow of such funds or the business operations of the Burkhalter Ranch. The Receiver may, upon motion after conferring with counsel for Relief Defendant Jacqueline Burkhalter and/or the Burkhalter Ranch, seek further relief with respect to the Burkhalter Ranch. Nothing in this paragraph shall prevent Relief Defendant Jacqueline Burkhalter from continuing to use her real and personal property. Relief Defendant Jacqueline Burkhalter shall not convey, sell, transfer, or otherwise dispose of or encumber her real or personal property, however, without first giving the Receiver and Commission notice and the opportunity to object to any such action. This includes property located at ▆▆▆▆▆▆▆▆▆▆ Valdosta, GA ▆▆▆▆.

B. The real property assets of Defendants and Relief Defendants that are frozen include, but are not limited to, the following:

| Address | City | State | Zip | Owner |
|---|---|---|---|---|
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | Mineral Bluff | GA | ▮ | Drive Planning LLC |
| ▮ | Blue Ridge | GA | ▮ | Drive Planning LLC |
| ▮ | Blue Ridge | GA | ▮ | Drive Planning LLC |
| ▮ | Panama City | FL | ▮ | Drive Planning LLC |
| ▮ | Holmes Beach | FL | ▮ | Drive Planning LLC |
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | Atlanta | GA | ▮ | Drive Planning LLC |
| ▮ | Mineral Bluff | GA | ▮ | Drive Planning LLC |
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | St Petersburg | FL | ▮ | Drive Planning LLC |
| ▮ | Fishers | IN | ▮ | Drive Planning LLC |
| ▮ | Blue Ridge | GA | ▮ | Drive Properties LLC |
| ▮ | Gulf Port | FL | ▮ | Drive Gulfport Properties LLC |
| ▮ | Mineral Bluff | GA | ▮ | The Burkhalter Ranch Corporation |
| ▮ | Blue Ridge | GA | ▮ | The Burkhalter Ranch Corporation |
| ▮ | Blue Ridge | GA | ▮ | The Burkhalter Ranch Corporation |
| ▮ | Blue Ridge | GA | ▮ | TBR Supply House |
| ▮ | Mineral Bluff | GA | ▮ | Todd Burkhalter/Jacqueline Burkhalter |
| ▮ | Blue Ridge | GA | ▮ | Todd Burkhalter/Jacqueline Burkhalter |
| ▮ | St Petersburg | FL | ▮ | Todd Burkhalter/Jacqueline Burkhalter |
| ▮ | Mineral Bluff | GA | ▮ | Todd Burkhalter/Jacqueline Burkhalter |
| ▮ | Mineral Bluff | GA | ▮ | Todd Burkhalter/Jacqueline Burkhalter |

C. Defendants and the Relief Defendants and each of their officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including

facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Defendants or Relief Defendants), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Account # | Account Name(s) |
|---|---|---|
| JP Morgan Chase Bank, N.A. | xx5917 | Drive Planning LLC |
| Truist Bank | xx2951 | Drive Planning LLC |
| Truist Bank | xx3621 | Drive Planning LLC |
| Truist Bank | xx5317 | Drive Planning LLC |
| American Express | xx1008 | Drive Planning LLC |
| Coinbase | unknown | Russell Todd Burkhalter |
| SouthState Bank | xx0818 | Jacqueline Burkhalter |
| JP Morgan Chase Bank, N.A. | xx6932 | Jacqueline Burkhalter |

D.      All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect

benefit, or under the direct or indirect control of Defendants or Relief Defendants or over which Defendants or any Relief Defendant exercise actual or apparent investment or other authority (including assets in the name of Defendants or Relief Defendants), in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph C above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

      E.    All persons who hold or possess the direct or indirect proceeds of the misconduct alleged in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment,

pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## II.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Defendants or Relief Defendants that receives actual notice of this order by personal service, facsimile transmission or otherwise shall, within five (5) business days of receipt of that notice, file with the Court and serve on counsel for the Commission and Defendants a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

## III.

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant shall submit in writing to this Court and Plaintiff Commission within five (5) business days following service of this Order, the following identifying information or a statement indicating that they are declining to do so in accordance with the Fifth Amendment of the United States Constitution:

9

(A) all names by which every person with authority to exercise control of that Defendants or Relief Defendant is known and the nationality of such persons;

(B) all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses, safety deposit boxes, and storage facilities used by any Defendant or Relief Defendant or by any person under their direct or indirect control, at any time since January 1, 2015 through the present; and

(C) each account with any financial institution or brokerage firm maintained in any Defendant's or Relief Defendant's name or held for any Defendant's or Relief Defendant's direct or indirect beneficial interest from January 1, 2015 through the present.

## IV.

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant prepare and present to this Court and to the Commission a sworn accounting of all funds received by that Defendant or Relief Defendant pursuant to the scheme described in the Commission's Complaint and of the disposition and use of said proceeds.

For each Defendant, this accounting shall include, but not be limited to, identifying the name and address of each investor; the amount each investor invested

in Drive Planning or any of its investment programs; the total amount received from investors; the date each such investment was made; and an explanation of what happened to each investor's funds.

For each Relief Defendant, this accounting shall include identifying the amount of each transfer from a Defendant or a Relief Defendant, the date of such transfer, the purpose of such transfer and any consideration given in exchange for such transfer.

The accounting for each Defendant and Relief Defendant shall also identify all assets of each Defendant and the Relief Defendants, including all financial accounts and any real and personal property; the source of funds in all such accounts and the source of funds used to acquire any real property and vehicle or boat in the last five years; and the sale or transfer of ownership of all such financial accounts and property in the last year.

The accountings shall be submitted to this Court and served upon the Commission within 7 days from the date of entry of this Order or a date agreeable to the Commission.

Nothing in this Order, however, shall be construed to require that a defendant or relief defendant abandon or waive any constitutional or other legal privilege which he or she may have available, including the Fifth Amendment privilege

against self-incrimination.  In turn, nothing in this Order shall prevent the SEC or Receiver from opposing or challenging any assertion by a defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## V.

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, emails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

VI.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each Defendant and Relief Defendant, their attorneys, their U.S. agents or their foreign agents, including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, including all means authorized under Georgia law, including serving the corporate defendants through the Georgia Secretary of State's office; or as this Court may direct by further order.

VII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each Defendant and Relief Defendant, and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section VI of this Order, or otherwise.

## VIII.

**IT IS FURTHER ORDERED** that, until further order of the Court, the Defendants and their agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any investment,

    (C) the use of investor funds,

    (D) compensation to any person, or

    (E) the misappropriation of investor funds or investment proceeds.

## IX.

**IT IS FURTHER ORDERED** that, until further order of the Court, Defendants and their agents, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any investment,

    (C) the use of investor funds,

    (D) compensation to any person, or

    (E) the misappropriation of investor funds or investment proceeds.

## X.

**IT IS FURTHER ORDERED** that, until further order of the Court, Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## XI.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated this 13th day of August, 2024.

_____
VICTORIA MARIE CALVERT,
UNITED STATES DISTRICT JUDGE