THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE

CASES ASSIGNED TO
JUDGE VICTORIA M. CALVERT

**STANDING ORDER:
GUIDELINES TO PARTIES AND
COUNSEL IN CASES PROCEEDING BEFORE THE
HONORABLE VICTORIA M. CALVERT**

Last Updated September 5, 2023

This case has been assigned to Judge Victoria M. Calvert. These guidelines are furnished to inform the parties and their counsel of the Court's policies, procedures, and practice, and to promote the just, speedy, and economical disposition of cases. This order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case.

The most up-to-date version of the Court's Standing Order can be found at http://www.gand.uscourts.gov/sites/gand/files/VMC_CV_Order.pdf.

Counsel are expected to periodically check for updates to the Standing Order.

**Table of Contents**

I.  GENERAL MATTERS ........................................................................................ 4
II.  CASE ADMINISTRATION .............................................................................. 4
    a.  Contacting Chambers .................................................................................. 4
    b.  Courtesy Copies of Documents ................................................................. 5
    c.  Attorneys ....................................................................................................... 6
        i.  Admission of Counsel Pro Hac Vice ............................................ 6
        ii.  Electronic Registration for All Counsel ..................................... 6
        iii.  Leaves of Absence ............................................................................ 6
        iv.  Withdrawal or Substitution of Counsel ..................................... 6
        v.  Corporate Representation .............................................................. 7
    d.  Pro Se Litigants ........................................................................................... 7
III.  CASE MANAGEMENT ................................................................................... 10
    a.  Extensions of Time ..................................................................................... 10
    b.  Conferences .................................................................................................. 11
    c.  Early Planning Conference and Joint Preliminary Report and Discovery
        Plan .............................................................................................................. 11
        i.  In General ........................................................................................ 11
        ii.  Patent Cases ................................................................................... 12
        iii.  Diversity Cases .............................................................................. 13
    d.  Discovery ..................................................................................................... 14
        i.  General Principles of Discovery .................................................. 14
        ii.  Discovery Responses: Boilerplate and General Objections ................. 15
        iii.  Interrogatories .............................................................................. 16
        iv.  Requests for Production or Inspection ..................................... 18
        v.  Requests for Admission .............................................................. 19
        vi.  Depositions ..................................................................................... 20
        vii.  Discovery Requests and Extensions of the Discovery Period .............. 21
    e.  Discovery Disputes .................................................................................... 22
    f.  Confidentiality Agreements, Protective Orders, and Motions to Seal ..... 24
        i.  Legal Standards Governing Public Access to Judicial Proceedings .... 24
        ii.  Procedure for Requesting the Court to Seal Information ..................... 26
    g.  Electronic Filing of Exhibits and Attachments ................................... 28
    h.  Motions for Temporary Restraining Order or Preliminary Injunctive
        Relief .......................................................................................................... 29
    i.  Motions for Summary Judgment ............................................................ 29
    j.  Form of Statement of Material Facts & Response to Statement of Material
        Facts ............................................................................................................ 30

k.   Motions to Strike ................................................................................. 31

l.   Motions for Leave to File Surreply ................................................... 32

m.  Motions to Dismiss and Amended Complaints ............................... 32

n.   Early Motions in Limine and Daubert Motions ............................. 33

o.   Page Limits ......................................................................................... 34

p.   Requests for Oral Argument on Motions ........................................ 34

q.   Courtroom Technology ..................................................................... 35

IV.  TRIAL ......................................................................................................... 36

a.   Pretrial Conference ........................................................................... 36

b.   Proposed Findings of Fact and Conclusions of Law ..................... 37

c.   Exhibits and Witness Lists ............................................................... 37

d.   Voir Dire ............................................................................................. 38

e.   Jury Charges ....................................................................................... 38

## I.    GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure. These rules are available at http://www.uscourts.gov/rules-policies.

2. The local rules of the United States District Court for the Northern District of Georgia ("LR, NDGa.") and Instructions Regarding Pretrial Proceedings. The local rules of this Court are available for downloading at http://www.gand.uscourts.gov/court-info/local-rules-and-orders/local-rules. Various forms and the Court's pretrial instruction package are available at http://www.gand.uscourts.gov/commonly-used-forms.

3. The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case.

## II.    CASE ADMINISTRATION

### a.  Contacting Chambers

Velma Shanks, our Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Where possible, communications with Ms. Shanks should be via email (Velma_Shanks@gand.uscourts.gov). Her telephone number is 404-215-1394. Please note that Ms. Shanks is often in the courtroom, so

telephone messages may not be returned for 24 hours. Any mail, couriered, or hand-delivered communications should be addressed as follows:

> Velma Shanks
> Courtroom Deputy Clerk
> 2125 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

If necessary, counsel or parties may also contact Chambers by telephone (404-215-1390). **Neither the parties nor their counsel should discuss the merits of the case with Ms. Shanks or any of the Court's law clerks.**

### b. Courtesy Copies of Documents

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience. Courtesy copies are not required but are encouraged for motions for summary judgment or motions with voluminous exhibits. Courtesy paper copies of motions for summary judgments, including all exhibits, or motions with voluminous exhibits, may be either hand-delivered to chambers in Room 2125 or submitted via regular mail to attention of the Ms. Shanks at the address provided above. Courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the CM/ECF system with the docket header across the top of the document so that the case number, docket number, and page numbers appear on each page. Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

**c.  Attorneys**

    **i.  Admission of Counsel Pro Hac Vice**

In the event that lead counsel had been admitted pro hac vice, local counsel is required to be familiar with the case, and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

    **ii.  Electronic Registration for All Counsel**

All counsel — including counsel admitted pro hac vice — must register and participate in the Court's electronic filing system, CM/ECF (See this Court's Standing Order No. 04-01).

    **iii.  Leaves of Absence**

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence. Leave requests shall comply with Local Rule 83.1, NDGa. All requests for, or notices of leaves of absence, must be electronically filed. Counsel should not mail or hand-deliver paper copies to chambers.

    **iv.  Withdrawal or Substitution of Counsel**

It is counsel's responsibility to keep the Court informed of any change of its status. Counsel should comply with Local Rule 83.1, NDGa., when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved. It is also

possible that counsel will not be allowed to withdraw depending on the status of the case and the particular reasons for wanting to withdraw.

     **v.**     **Corporate Representation**

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. LR 83.1, NDGa. Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

### d. _Pro Se_ Litigants

Parties proceeding _pro se_ (without an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia. _Pro se_ parties may obtain certain basic materials and handouts from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia. Many documents are also available on the Court's website at [www.gand.uscourts.gov](www.gand.uscourts.gov). _Pro se_ litigants may also utilize the law library located down the street at the Elbert P. Tuttle United States Court of Appeals Building, 56 Forsyth Street, NW, Atlanta, Georgia.

Counsel and parties representing themselves are prohibited from engaging in _ex parte_ communications with the Court or the Court's staff. "_Ex parte_

communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office and serve the opposing party or party's counsel. *See* Fed. R. Civ. P. 5; LR 5.1 and 5.2, NDGa.; *see also* LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s); or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a

search engine for locating process servers across the nation at its website (www.napps.org).

A *pro se* plaintiff is required to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further required to serve upon the defendant(s) or counsel for the defendant(s),[1] by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service. *Pro se* parties are also advised that, under Local Rule 7, NDGa., "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is treated as unopposed. *See* LR 7.1B, NDGa. Furthermore, under Local Rule 56.1, NDGa., the failure by a

---

[1] Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

*Pro se* parties are further required to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.1D(3), NDGa. provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "a failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default." *Pro se* parties are encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail. If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings via email and regular mail. *Pro se* parties are advised, however, that the Court serves via paper only and not via email.

## III.    CASE MANAGEMENT

### a.  Extensions of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set

reasonable but firm deadlines.  Motions for extension, whether joint, unopposed, or designated as consent, will not be granted as a matter of course. Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought. Parties should indicate whether opposing counsel consents to the extension. A proposed order should be filed along with the motion via CM/ECF. If such a motion is filed less than three days prior to the deadline the parties seek to extend, the parties should promptly alert Chambers to the filing via email to Ms. Shanks.

**b.  <u>Conferences</u>**

Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference. Conferences may be requested by contacting Ms. Shanks via email or telephone.

**c.  <u>Early Planning Conference and Joint Preliminary Report and Discovery Plan</u>**

**i.    In General**

Local Rule 16.1 provides that, prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort

to settle the case, discuss discovery, limit issues, and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. LR 16.1, NDGa. This Early Planning Conference may be conducted by lead counsel by video or telephone. The parties may agree to extend the date by which the Rule 26(f) Conference is completed; however, extensions for filing the Joint Preliminary Report and Discovery Plan must be requested by motion.

The Parties must use the local form Joint Preliminary Report and Discovery Plan (LR Appendix B, NDGa.) and are prohibited from editing the prompts (for example, the "Filing Times for Motions" in Paragraph 4). Responses to the prompts should be in bold text. To the extent the Parties agree on a proposed departure from the assigned discovery track, they should set forth such proposed changes in the proposed Scheduling Order at the end of the form.

### ii. Patent Cases

Pursuant to Patent L.R. 1.2, NDGa, the parties must discuss any modifications to the Patent Local Rules at the early planning conference. The Parties should indicate in their Joint Preliminary Report and Discovery Plan if they would like to have the case referred to a special master and if they have agreed upon a person or list of persons to serve as a special master.

If the parties anticipate claim construction discovery will be necessary, the Joint Preliminary Report and Discovery Plan should set forth any proposed

sequencing of discovery and include a proposed scheduling order. Within seven days of the filing of the Joint Claim Construction Statement, the parties should confer about available dates for a *Markman* hearing at least two months out, and contact Ms. Shanks by email to receive a hearing date, or the special master if one has been appointed. In cases not referred to special masters, it is the Court's practice to conduct *Markman* hearings in every case where claim construction is an issue, however, absent prior Court permission, the parties must identify no more than five terms to discuss at the hearing (with all remaining claim construction issues to be submitted to the Court on the briefing alone). If the parties cannot agree on which five terms to present, they should follow the Court's practice for discovery disputes.

### iii.    Diversity Cases

The Court screens all cases filed or removed under its diversity of citizenship jurisdiction. The pleading which commences the federal civil action must properly allege complete diversity of citizenship and the amount in controversy. The Certificate of Interested Persons and Disclosure Statement ("CIP") required by Local Rule 3.3 and Rule 7.1 of the Federal Rules of Civil Procedure also requires information regarding a party's citizenship. The Court may enter orders directing the party who filed the complaint, notice of removal, or CIP to cure defective allegations of diversity of citizenship, including but not

limited to (1) alleging the residence, not domicile or citizenship of an individual, (2) failing to allege the principal place of business of a corporation in addition to its states of incorporation, and (3) failing to allege the membership of each of the members of an unincorporated association such as an LLC. Counsel should review the Eleventh Circuit's decision in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) and Local Rule 3.3(C) for more information. The Court may also summarily dismiss or remand cases where a lack of jurisdiction is apparent from the face of the pleadings. If the Court previously entered an order directing amendments to jurisdictional allegations, and the party has complied with the order, and the Court has not dismissed or remanded the case by the time it enters a Scheduling Order, then no further amendments or supplementations are necessary unless ordered otherwise. Notwithstanding the foregoing, if the Court determines at any time that it lacks subject-matter jurisdiction, the Court will dismiss the action. Fed. R. Civ. P. 12(h)(3).

### d.  Discovery

Initial disclosures should be as complete as possible based upon information reasonably available. Responses may not be reserved for later supplementation.

### i.    General Principles of Discovery

Counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and should conform to the Federal Rules of Civil Procedure, the

Local Rules and applicable orders in conducting discovery. In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Fed. R. Civ. P. 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.

### ii.    Discovery Responses: Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited, i.e., a party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto – but only those objections that actually apply

to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s). For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s). This requirement is now included in Fed. R. Civ. P. 34(b)(2)(C).

### iii.    Interrogatories

Whenever possible, counsel should try to exchange information informally. The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief,

straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as, the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

Fed. R. Civ. P. 33(b) requires the respondent to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. (*See* subsection iv. below). Generalized cross-references, such as to a deposition, are not an acceptable answer.

The parties are directed to consult Rules 26(b) and 33(b)-(d) about the permissible scope of discovery and objections. Counsel's or a *pro se* litigant's

signature on the answer constitutes a certification of compliance with the requirements of Fed. R. Civ. P. 26(g).

If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document; the name and position of the author; and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on; the date, place, subject, and purpose of the communication; and the names and positions of all persons present. *See* Fed. R. Civ. P. 26(b)(5).

### iv.    Requests for Production or Inspection

Please consult Fed. R. Civ. P. 26(b) and 34 about the permissible scope of discovery and objections. To the extent possible, requests should specify with particularity the title and description of documents or records requested. (Information needed for specification can often be obtained by informal discovery or by deposition or by interrogatories, if necessary.)  The certification requirement of Fed. R. Civ. P. 26(g) applies.

When responding to requests, materials (including electronically stored information), should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). All documents should be Bates-numbered or labeled with a unique identifier on

each page. Documents should be produced either with labels corresponding to the categories in the specific requests to which they respond or in a format where it is clear which document is responsive to each particular request. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules. The certification procedure of Fed. R. Civ. P. 26(g) is applicable.

  **v. Requests for Admission**

  Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations, and matters subject to judicial notice, and of narrowing issues. Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words. Requests ordinarily should deal with only objective facts. They may be combined with interrogatories to ask for the factual basis of a claim or a denial. The attorney's or *pro se* litigant's signature certifies compliance with Fed. R. Civ. P. 26(g). Fed. R. Civ. P. 36(a)(4) requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny. A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a

duty to make reasonable inquiry before responding. The certification requirement of Fed. R. Civ. P. 26(g) applies.

### vi.   Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, before a deposition is noticed. Concurrent depositions are not permitted in the absence of stipulation or order.

When counsel enter (or a party enters) into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

Questions should be brief, clear, and simple. A deposition should not be used to harass or intimidate a witness. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Fed. R. Civ. P. 37. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. If counsel

or a *pro se* litigant believes that a motion to terminate or limit the examination under Fed. R. Civ. P. 30(d) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the Court with opposing counsel to attempt to resolve the problem.

Fed. R. Civ. P. 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in Fed. R. Civ. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct such a deposition.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions. Counsel should not hesitate to call the Court (404-215-1390) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

### vii.    Discovery Requests and Extensions of the Discovery Period

**All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.** Requests for extension of the discovery period or deadlines within the discovery period must be made in

accordance with Local Rule 26.2B, NDGa. All requests for extensions of the discovery period must be made via motion and must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent; and (5) regardless of whether the adversary consents or not, good cause for the extension. A party may show good cause by indicating to the Court what discovery has taken place already and why the remaining discovery could not have been practicably completed without an extension. Simply saying "good cause exists" is insufficient.  An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a **consent** motion. Motions must be filed prior to the expiration of the existing discovery period. The Court will not enforce the private agreements between the parties and/or their counsel to conduct discovery beyond conclusion of the discovery period. The Court does not allow evidence at trial which was requested and not revealed during the discovery period.

### e.  Discovery Disputes

Parties are required to confer in good faith before bringing discovery disputes to the attention of the Court. The duty to confer is **not** satisfied by sending a written document (*e.g.*, email or letter) to the opposing party, unless repeated

attempts to confer by telephone, video, or in person are unsuccessful.

The filing of discovery-related motions (except for unopposed, consent, or joint motions to extend the discovery period) is prohibited. This prohibition includes motions for discovery-related sanctions. Instead, the party seeking Court intervention must email Ms. Shanks and attach a statement outlining its position and requesting a conference with the Court. All parties must be copied on such emails. The statement shall not exceed 500 words regardless of the number of issues presented. The party initiating the request for a discovery conference should attach, as an exhibit to its statement, an excerpt of the relevant discovery request and any responses and objections that are the subject of the dispute. The opposing party or parties may provide a responding statement to the Court that does not exceed 500 words. In the discretion of the Court, statements submitted by the parties may be filed on the docket. If the matter is time-sensitive, the movant should make that clear in the email to Ms. Shanks.

After receipt of the parties' submissions, Chambers will either schedule a conference call or issue an order resolving the dispute. The conference will be recorded by a court reporter.

If any party has a dispute with a non-party (*e.g.*, regarding a subpoena), the party and the non-party must follow these instructions, and the party must

promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in the preceding paragraphs.

### f. Confidentiality Agreements, Protective Orders, and Motions to Seal

#### i. Legal Standards Governing Public Access to Judicial Proceedings

The Court eschews the excess use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only." While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary. The Court is aware that the parties will at times agree to designate documents as "confidential." However, the Court will not approve consent protective orders that conflict with the Court's view on the sealing of materials.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel

should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things, and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as described in the Court's Procedure for Electronic Filing Under Seal in Civil Cases, and must include this provision in any proposed agreement or protective order submitted for the Court's consideration:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

For documents filed other than during a hearing or trial, as a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the documents shall first consult with the counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to

25

provide adequate protection.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential.

In addition, the Court will normally not seal documents used in open court at a hearing or trial absent extraordinary circumstances.

### ii. Procedure for Requesting the Court to Seal Information

"It is the general policy of this Court not to allow the filing of documents under seal without a Court order, even if all parties consent to the filing under seal." LR App H, Section II(J), NDGa. **To request to file material under seal, in addition to the following procedures, the Parties should follow the mechanism described in Section II(J) of Appendix H to the Court's Local Civil Rules**. If a document contains some discrete material that is deemed confidential and subject to protection from public disclosure under Rule 26(c), the Parties will be entitled to redact only those portions of the document deemed confidential. **Parties shall publicly file redacted copies of the documents as a separate filing contemporaneously with the motion to seal without awaiting the Court's ruling**

**on the motion to seal**. Parties are encouraged to highlight the corresponding redacted portions in the provisionally sealed, unredacted document. The Court cautions that only in rare instances will it be appropriate to seal an entire document from public access. In the rare instance that sealing an entire document is necessary, Parties shall include a single page indicating that the document is sealed and including the Bates numbers and/or CM-ECF page numbers of the sealed document, if any. Pleadings, motions, or briefs which mention or reference a document containing confidential information, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format.

Where it is necessary for the Parties to quote or disclose protected confidential information in pleadings, motions, or briefs, **the Parties shall contemporaneously file redacted versions of their pleadings, motions, or briefs without awaiting the Court's ruling on the motion to seal**.

After filing one or more motions to seal, the Parties shall file a Joint Index of Sealed Items for each sealed or provisionally sealed item filed in the case thus far which lists the name of each document (or describes it generally if the name of the document is confidential), the docket number of the sealed item, and the docket number of the corresponding redacted item.

Motions to seal which simply reference a confidentiality agreement or protective order but do not attempt to satisfy the Rule 26(c) good cause standard (or purport to do so in a conclusory way) will be denied, the documents for which sealing was sought will be treated as withdrawn in accordance with Section II(J)(2)(h) of Appendix H to the Court's Local Civil Rules, and in such instances the Court may deny the filer additional time to file an unsealed version of the document notwithstanding Section II(J)(2)(h) of Appendix H. If a party disputes a confidentiality designation, the party should bring the matter to the Court's attention using the Court's discovery dispute resolution procedure during the discovery period, rather than awaiting the filing of dispositive motions.

The instructions above do not apply to parties appearing *pro se*. For *pro se* litigants, motions to seal must be manually filed with the Clerk of Court. In such instances, the material subject to the request to seal should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

**g.  Electronic Filing of Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, the Court would prefer to have documents uploaded as

Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than simply Ex. A, Ex. B, and Ex. C.

**h.  Motions for Temporary Restraining Order or Preliminary Injunctive Relief**

The Court will not entertain granting a temporary restraining order or preliminary injunctive relief absent a properly supported motion with attached evidence pursuant to Fed. R. Civ. P. 65. *See* LR 7.1A(1), NDGa. If a party requests such relief only in their complaint or other pleadings, but fails to file a separate motion seeking the same, that request will not be considered until the merits of the case are addressed. After filing an appropriate motion, the movant must contact Ms. Shanks to request expedited consideration.

**i.  Motions for Summary Judgment**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. If citing a document that has previously been docketed, the party's citation should include the number of the docket entry where the document appears. Pinpoint citations should provide the page number stamped by the Court's electronic filing system on the heading of the docketed document. For example: (Doc. 100 at 20).

When filing a brief in support of, or in opposition to, a motion for summary judgment, the party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the

transcript where the referenced testimony can be found. The party should also include as an exhibit to the brief a copy of the specific pages of the deposition that are referenced in the brief. The party should not attach to the brief a copy of the entire deposition transcript. The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript. The Court prefers (but does not require) condensed copies of deposition transcripts (i.e., one physical page containing four pages of transcribed testimony). Neither the original transcript nor any paper copies of the deposition should be filed with the Clerk or delivered to Chambers. Parties should include a table of exhibits as an ECF attachment to the brief. As noted above in section II(b), the parties are permitted but not required to submit courtesy paper copies of motions for summary judgments, including all exhibits, to Chambers.

**j.** **Form of Statement of Material Facts & Response to Statement of Material Facts**

In addition to following the form instructions set out in Local Rule 56.1(B), NDGa., a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.  A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that

statement immediately following. Each party shall file its documents in a text-searchable PDF format. Statements of material fact that do not conform to these instructions will be returned to counsel for revision.

Motions to strike should not be used to exclude evidence relied upon in a statement of material facts — see the following section. A separate "notice of objection" pleading is unnecessary. Instead, objections to the admissibility of evidence relied upon in a party's statement of material facts or statement of additional facts should be incorporated into the relevant responsive document. This provision does not preclude filing motions to exclude expert witness testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993) and related authorities.

### k.  <u>Motions to Strike</u>

Motions to strike pleadings may only be employed in the circumstances set forth in Federal Rules of Civil Procedure 11(a), 12(f), 14(a)(4), 26(g)(2), 37(b)(2)(iii), or Supplemental Rule G(8)(c), or to strike a jury demand under Rule 39(a)(2). As noted in the prior section, *Daubert* motions are permitted. No other motion to strike a pleading, motion or other paper may be filed. If a pleading, motion, or other paper is untimely or otherwise not filed in accordance with the applicable rules, the issue should be set forth in the relevant response or reply, or briefly in a surreply pursuant to the following section of this Order.

### l.  Motions for Leave to File Surreply

Surreplies may not be filed without leave of court, and should only be filed in the event matters are raised for the first time in the reply brief. A surreply may not exceed 5 pages in length without leave of court. A motion for leave to file a surreply must be filed within seven days of the filing of the reply brief and must be no more than 5 pages. A copy of the proposed surreply must be attached to the motion as an ECF attachment. A response to the motion for leave to file the surreply is strongly discouraged and may not exceed 3 pages. No reply in support of a motion for leave to file surreply is permitted.

Motions for leave to file supplemental briefs may be filed to point out developments in the facts or law which arose after the briefing on the motion concluded. They should not rehash the parties' arguments.

### m. Motions to Dismiss and Amended Complaints

Without seeking leave of court, no party may file more than one motion to dismiss under Fed. R. Civ. P. 12(b), except in the case where a plaintiff has filed an amended complaint (addressed below). If there are multiple defendants who are represented by the same counsel, then said counsel may only file one motion to dismiss applicable to any or all said defendants.

If in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), the parties are directed to confer whether the

motion to dismiss is rendered moot. If so, the defendant shall withdraw the motion prior to filing any motion to dismiss the amended complaint.

"Partial" motions to dismiss, that is, motions to dismiss fewer than all counts of the complaint for failure to state a claim, are discouraged. Unless the scope of discovery will be substantially narrowed by the Court's ruling, parties should answer the entire complaint and move for partial judgment on the pleadings, so that discovery is not delayed pending the Court's ruling. The Court may deny without prejudice any motion which does not comply with this rule.

Motions to amend pleadings must include as an ECF attachment the proposed amended pleading without any watermarking or exhibit stickers. The Clerk will docket the attached pleading if the Court grants the motion.

**n.  <u>Early Motions in Limine and _Daubert_ Motions</u>**

For cases that are proceeding to trial, it is the Court's practice to take up pending motions in limine and motions to exclude expert witnesses based on _Daubert v. Merrell Dow Pharms. Inc._, 509 U.S. 579 (1993) at the pretrial conference and no earlier.

At the conference after discovery required by Local Rule 16.3, the parties should discuss whether either party intends to file a motion for summary judgment. If either party files a motion for summary judgment, counsel are discouraged from filing motions in limine or _Daubert_ motions as part of their

summary judgment briefing unless the resolution of those motions would materially impact the pending summary judgment motions. Otherwise, the Court may deny such motions as premature with leave to refile at the appropriate time. *See* Local Rule 26.2(C) (deadline for *Daubert* motions); *infra* Section IV.a (deadline for motions in limine). Parties seeking to dispute the admissibility of evidence on summary judgment should review Section III.j. of this Order, *supra*.

**o. Page Limits**

Parties seeking an extension of the page limit must file such a motion at least three (3) days in advance of the filing deadline and must explain the circumstances necessitating additional pages. Parties should indicate whether the opposing party consents to the request for additional pages. A proposed order should be filed along with the motion via CM/ECF. If a party files a motion to extend the page limit at the same time its brief is due, the extension request will be denied absent a compelling and unanticipated reason.

Objections to a magistrate judge's or special master's report and recommendation, and any responses to those objections, shall be limited in length to twenty-five (25) pages, absent prior permission from the Court.

**p. Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing. If oral

argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument. The Court will strongly consider granting oral argument in any case where a lawyer with less than seven (7) years of experience will be chiefly responsible for oral argument, or for a discrete issue of oral argument.

**q.  Courtroom Technology**

The courtroom has various electronic equipment for use by counsel at a hearing or trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact Ms. Shanks at Velma_Shanks@gand.uscourts.gov or 404-215-1394. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring in the courthouse electronic equipment, such as a laptop computer or cellphone with a camera, must file a proposed order in the case allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. This should be done not less than three (3)

business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

## IV.    TRIAL

### a.  **Pretrial Conference**

The Court will normally conduct a final pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order. Parties should bring to the conference a copy of the proposed pretrial order and attachments thereto, as well as any outstanding motions.

At the pretrial conference, the parties will be required to identify the specific witnesses they will call in their case at trial. The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may consider the objections thereto.

Unless otherwise directed, all motions *in limine* shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions in limine should be filed at least one (1) week before the pretrial conference. The motions *in limine* and responses shall take the form of a consolidated pleading. Ordinarily, the Court will decide motions in limine at the pretrial conference.

The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff, no later than ten (10) days before the date of the pretrial conference to:

      a. discuss settlement;
      b. stipulate to as many facts and issues as possible.

In accordance with Local Rule 26.2(C), *Daubert* motions must be filed no later than the date the proposed pretrial order is submitted. Briefs in opposition must be filed within fourteen (14) days following the *Daubert* motion, and reply briefs must be filed seven (7) days thereafter.

**b.  Proposed Findings of Fact and Conclusions of Law**

When counsel is required to submit proposed findings of fact and conclusions of law, *see* LR 16.4B(25), NDGa., in addition to electronically filing same, counsel should provide an electronic copy, in Microsoft Word format, to Ms. Shanks.

**c.  Exhibits and Witness Lists**

The parties shall separately number each of their exhibits as to which a separate foundation must be laid. Exhibits should be numbered sequentially (e.g., P-1, P-2, etc.); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits. Exhibits must be examined and marked before trial in compliance with LR 16.4, NDGa. On the first day of trial, the parties should deliver to Ms. Shanks: (1) tabbed, indexed

three-ringed binders with the marked trial exhibits; and (2) copies of the marked exhibits in electronic form (*e.g.*, thumb drive or similar media or secure electronic delivery method).

In listing witnesses or exhibits, a party may not reserve the right to supplement his list. Nor should a party adopt another party's list by reference.

**d.  <u>Voir Dire</u>**

The parties should file their proposed voir dire questions at least seven (7) days before the final pretrial conference for approval by the Court. After the Court asks certain qualifying questions, the Court will then permit the attorneys to ask the *voir dire* questions it has approved. In general, eight jurors, none of whom will serve as alternate, will be selected to deliberate for cases expected to last one week or less. The panel from which the 8 jurors will be selected wll normally consist of 18-20 prospective jurors. If counsel anticipate the need for a larger panel, counsel should alert Ms. Shanks promptly upon calendaring of the case for trial. The Court may empanel additional jurors for cases expected to last more than one week.

**e.  <u>Jury Charges</u>**

Unless otherwise directed by the Court, the parties must file, and email to Ms. Shanks in Microsoft Word format, their proposed jury charges and verdict forms by 9:00 a.m. on the last business day before the first day of trial. Counsel must use the latest edition of the Eleventh Circuit's Pattern Jury Instructions, if

applicable. If there is no appropriate Eleventh Circuit charge, counsel should use instructions from the latest edition of O'Malley's Federal Jury Practice and Instructions. Any requested differences from the Pattern Jury Instructions should be clearly identified. If state law applies, counsel shall present the appropriate pattern instruction from the applicable state. Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law. Ordinarily, the Court will charge the jury before closing arguments.

SO ORDERED, this 27th day of August, 2024

Victoria Marie Calvert
United States District Judge