UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

**Plaintiff,**
v.

Civil Action No. 1:24-cv-03583-VMC

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

**Defendants,**
and

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

**Relief Defendants.**

_____/

## RECEIVER'S SWORN STATEMENT AND ACCOUNTING

Kenneth D. Murena, the court-appointed Receiver (the "Receiver") in the above-captioned enforcement action, submits his Sworn Statement and Accounting (the "Sworn Accounting") for Drive Planning LLC (the "Receivership Defendant") in accordance with his duties under the Order Appointing Receiver [ECF No. 10] (the "Appointment Order") and states as follows:

The Receiver, together with the assistance of his forensic accountant, prepared this Sworn Accounting on behalf of the Receivership Defendant based on the Receiver's investigation and analysis to date of the Receivership Defendant's financial records, including data contained in the Receivership Defendant's Google Drive, bank statements, and credit card statements, and records submitted to the Receiver by investors. The Receivership Defendant did not maintain its financial records in a financial management platform such as QuickBooks, so the Receiver and his forensic accountant needed to (i) gather, organize, and analyze all information provided herein from the Receivership Defendant's bank records (including account statements, canceled checks, and wire transfer confirmations) produced by financial institutions and investment records produced by investors, (ii) compare those records to the financial records maintained by the Receivership Defendant's former management, and (iii) prepare a forensic reconstruction of the Receivership Defendant's bank accounts (the "forensic bank reconstruction").[1]

**Appointment Order Paragraph 10(A) – Receivership Property/Accounts**

Paragraph 10(A)(a) of the Appointment Order requires the Receiver to disclose all Receivership Property held by or in the name of the Receivership Defendant or in which it has a beneficial interest. To date, the assets of the

---

[1] The forensic bank reconstruction is substantially complete but is being refined as additional financial information and records are received from banks, other third parties, and investors.

Receivership Defendant of which the Receiver has identified and taken possession, custody, or control are listed on **Exhibit A** hereto. Paragraph 10(A)(b) requires the Receiver to disclose all accounts, and all funds held therein, with any bank, brokerage, or other financial institution owned by or for the benefit of the Receivership Defendant. All requested bank account information is provided in **Exhibit B** hereto. All of the Receivership Defendant's bank accounts of which the Receiver is aware were frozen pursuant to the *Preliminary Injunction Freezing Assets and Granting Other Equitable Relief* [ECF No. 11], after which the account balances were transferred to the Receiver's fiduciary accounts, as reflected on Exhibit B, and the Receivership Defendant's bank accounts were closed. The Receiver is not aware of the Receivership Defendant's owning or having signatory authority over any brokerage accounts.

### Appointment Order Paragraph 10(B) – Bank and Brokerage Accounts

Paragraph 10(B) of the Appointment Order requires the Receiver to identify all bank and brokerage accounts over which the Receivership Defendant has ownership and/or signatory authority. The bank accounts over which the Receivership Defendant has ownership and/or signatory authority, which the Receiver has identified to date, are listed in Exhibit B, which details the account holder name, bank name, account number, account type, authorized signatory, statement date ranges, closing balances, and location of closing balances. As

explained above, the Receiver is not aware of the Receivership Defendant's owning or having signatory authority over any brokerage accounts.

### Appointment Order Paragraph 10(C) – Debit and Charge Cards

Paragraph 10(C) of the Appointment Order requires the Receiver to identify all bank debit and charge cards used by the Receivership Defendant. The Receiver has gathered this information from the bank account and credit card statements produced to the Receiver pursuant to subpoenas issued by the Receiver's counsel. Based on a review of those bank account and credit card statements, the Receiver has identified the credit cards and debit cards listed in Exhibit B, which provides the account holder name, bank name, account number, account type, authorized user(s), and statement date ranges for each card.

The Receiver has identified one Visa credit card account at Truist Bank held in the name of the Receivership Defendant. The Receiver obtained all of the Truist Bank statements for that credit card. The only authorized user on that credit card account was Defendant Burkhalter, and that account was closed soon after the commencement of the receivership with an outstanding balance of $16,737.65, which amount remains unpaid. The pertinent data contained in the Truist Bank credit card statements was incorporated into the Receiver's forensic bank reconstruction, which was used to prepare the report of receipts and disbursements of funds for the Receivership Defendant, attached hereto as **Exhibit C**. For this

reason and because they are voluminous, the Receiver did not attach the statements to this filing. Should the Court wish to review the statements, the Receiver will submit them to the Court upon request.

The Receiver also identified a debit card account linked to the two bank accounts held at Truist Bank in the name of the Receivership Defendant and issued to Defendant Burkhalter. The Receiver canceled that debit card when he took over the Truist Bank accounts at the commencement of the receivership. The Receiver obtained all of the Truist Bank statements for those two bank accounts, which statements reflect all expenditures made with the debit card. All of the data contained in the Truist Bank account statements, including the expenditures made on the debit card, was incorporated into the Receiver's forensic bank reconstruction, from which the report of the Receiver's Defendant's receipts and disbursements of funds (Exhibit C) was generated. As such, and because they are voluminous, the Receiver did not attach the statements to this filing. Should the Court wish to review the statements, the Receiver will submit them to the Court upon request.

The Receiver identified a second debit card linked to a checking account held at Truist Bank in the name of the Receivership Defendant's affiliate, Property Solutions by Drive Planning, LLC ("Property Solutions"). That checking account was funded with investor funds transferred from Drive Planning LLC. The authorized users on that debit card were Defendant Burkhalter and Melissa

Sontheimer. The Receiver took control of that Truist Bank account and debit card, transferred the balance to a new account that the Receiver opened at Truist Bank with a new debit card, and has been using that account to receive rental income and pay the expenses for the rental buildings in St. Petersburg, Florida. The Receiver and Julie Bowman, the property manager for those rental buildings, are the only authorized users on that debit card. Ms. Bowman's use is limited to expenditures up to $1,500, subject to approval of the Receiver. Property Solutions had a second Truist Bank account that it used to escrow rental security deposits for the St. Petersburg, Florida rental buildings. The Receiver took control of that account, transferred the balance to a new account at Truist Bank, and uses that account to hold security deposits for tenants of those buildings. The Receiver has subpoenaed the statements for the Property Solutions Truist Bank accounts and is actively pursuing the production of those account statements.

The Receiver also identified an American Express credit card account in the name of Receivership Defendant and Jacqueline Burkhalter with four credit cards issued to Jacqueline Burkhalter, Russell Todd Burkhalter, Julie Edwards, and Kelly Romano. That account was frozen soon after the commencement of the receivership, and the Receiver obtained its monthly statements, and all pertinent data contained therein was incorporated into the Receiver's forensic bank reconstruction that was used to prepare the report of Receivership Defendant's receipts and disbursements

(Exhibit C). Therefore, the Receiver did not attach the statements to this filing. Should the Court wish to review the statements, the Receiver will submit them to the Court upon request.

The Receiver continues reviewing the credit card and debit card statements to locate potential assets of the Estate and will report his findings to the Court in his quarterly status reports.

### **Appointment Order Paragraph 10(D) – Assets Received and Disbursed**

Paragraph 10(D) of the Appointment Order requires the Receiver to identify all assets received by any Receivership Defendant from any person and the disposition thereof. As explained above, the Receivership Defendant did not maintain its financial records in any financial management platform. Thus, the Receiver's forensic accountant had to reconstruct the financial records for the Receivership Defendant using business records recovered from the Receivership Defendant and bank statements and backup documents produced to the Receiver by various banks and investors. The Receiver relied on the forensic bank reconstruction to create the report of receipts and disbursements for the Receivership Defendant, for the period from January 1, 2019 to date (Exhibit C).[2]

---

[2] The Receiver's forensic accountant has categorized certain transactions as "Research" to indicate that the Receiver and his forensic accountant are still investigating these transactions to confirm their nature and purpose.

### Appointment Order Paragraph 10(E) – Funds Received Related to Conduct Alleged in SEC's Complaint

Paragraph 10(E) of the Appointment Order requires the Receiver to identify all funds received by the Receivership Defendant in any way related to the conduct alleged in the SEC's complaint.  Investor deposits constitute such funds received by the Receivership Defendant related to the conduct alleged in the SEC's complaint.  The Receiver relied on the forensic bank reconstruction to create the schedule of all investor deposits, distributions, and returned investment principal, attached hereto as **Exhibit D**.  The Receiver omitted investor names and personally identifying information from Exhibit D to protect the privacy and security of investors and prevent them from becoming targets of other allegedly fraudulent schemes.

### Appointment Order Paragraph 10(G)[3] – Expenses Exceeding $1,000

Paragraph 10(G) of the Appointment Order requires the Receiver to disclose all expenses exceeding $1,000 paid by the Receivership Defendant.  The Receiver relied on the forensic bank reconstruction to create the schedule of the Receivership Defendant's expenses exceeding $1,000, identifying the payee and payor, for the period from January 1, 2019 to date, attached hereto as **Exhibit E**.  This schedule does not include disbursements to investors which were reported in Exhibit C.

---

[3] The Appointment Order omits Paragraph 10(F).

**Appointment Order Paragraph 10(H) – Transfers of Assets**

Paragraph 10(H) of the Appointment Order requires the Receiver to disclose all transfers of assets made by the Receivership Defendant. The Receivership Defendant purchased and/or transferred real and personal property and funds. The Receiver has disclosed in Exhibit A all purchases of real and personal property by the Receivership Defendant of which the Receiver is aware based on his investigation to date and the transfer of those assets. The Receiver has disclosed in Exhibits C, D, and E all transfers of funds by the Receivership Defendant of which the Receiver is aware based on his investigation to date and the recipients of those funds. The Receiver continues to investigate the transfers of funds, real property, and other assets and will report any new information to the Court in his quarterly status reports. In addition, pursuant to the Appointment Order, the Receiver will seek leave of Court to pursue recovery of those transfers to the extent he has viable claims.

**CERTIFICATION OF RECEIVER**

The Receiver hereby certifies that the Sworn Statement and Accounting provided herein is true and correct to the best of his knowledge based on the financial records to which he currently has access and his investigation to date. The Receiver will update various information provided in this Sworn Statement and Accounting in his quarterly status reports as he discovers new relevant information.

Respectfully submitted and certified,

          /s/    *Kenneth Dante Murena*
KENNETH D. MURENA, RECEIVER


Respectfully submitted this 13th day of January, 2025.

        s/*Russell Landy*

Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
|    Florida Bar No. 1025060 |    Georgia Bar No. 636265 |
|    apavon@dvcattorneys.com |    Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
|    Florida Bar No. 44417 | Telephone: (404) 926-0053 |
|    rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN \| VALORI \| CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |
| Miami, Florida  33131 | |
| Telephone: (305) 371-3960 | |
| Facsimile: (305) 371-3965 | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on January 13, 2025, I electronically filed the foregoing *Notice* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated:  January 13, 2025.

                                                        s/*Russell Landy*

                                                       Russell Landy, Esq.
                                                       Florida Bar No. 44417
                                                       *Admitted Pro Hac Vice*