UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

                                    Civil Action No. 1:24-cv-03583-VMC

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

    **Defendants,**

and

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

    **Relief Defendants.**
_____/

### RECEIVER'S MOTION FOR TURNOVER OF AND IMPOSITION OF CONSTRUCTIVE TRUST ON REAL PROPERTY TRACEABLE TO DRIVE PLANNING, LLC

Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver") in the above-captioned enforcement action, files this motion, pursuant to the Order Appointing Receiver [ECF No. 10] (the "Appointment Order"), and applicable law, seeking an order requiring the immediate turnover of real property in the possession

and titled in the name of Mark Haye, as trustee of the Mark Haye Living Trust, and imposing a constructive trust on such real property in favor of the receivership estate for Drive Planning, LLC (the "Receivership Estate"), and in support states:

## I. INTRODUCTION[1]

The Receiver seeks the immediate turnover of and the imposition of a constructive trust over the luxury condominium unit located in St. Petersburg, Florida (the "Haye Property"), which was purchased using misappropriated investor funds of Drive Planning, LLC ("Drive Planning") and titled in the name of Mark Paul Haye, Trustee of the Mark Haye Living Trust. The Haye Property constitutes property of the Receivership Estate under this Court's Appointment Order. The Receiver has attempted in good faith to resolve this matter with Mr. Haye, including extensive discussions and demands for payment or turnover of the property, all of which have been unsuccessful. Upon turnover and imposition of constructive trust over the Haye

---

[1] The Receiver notes that this Court has personal jurisdiction over Mark Haye and his assets in the Middle District of Florida pursuant to 28 U.S.C. §754. The Receiver complied with 28 U.S.C. §754 by filing a copy of the Complaint [ECF No. 1] and the Appointment Order [ECF No. 10] in the Middle District of Florida within ten days of the entry of the Appointment Order. *See* M.D. Fla. Case No. 8:24-mc-00017-WFJ-UAM at ECF No. 1. The Receiver's compliance with 28 U.S.C. §754 in the Middle District of Florida, 28 U.S.C. § 1692, and Federal Rule of Civil Procedure 4(k)(1)(C) establishes personal jurisdiction of this Court over individuals and all receivership property in the Middle District of Florida. *Newman v. William L. Gunlicks Irrevocable Tr.*, 897 F. Supp. 2d 1270, 1274 (M.D. Fla. 2012).

Property, the Receiver will commence marketing it for sale for the benefit of the Receivership Estate and ultimately the defrauded investors.

## II. BACKGROUND

On January 26, 2024, Drive Planning transferred $1.4 million originating from an account containing investor funds for the purchase of the Haye Property. *See* Declaration of Kenneth D. Murena, as Receiver of Drive Planning, LLC ("Receiver's Declaration"), attached hereto as **Exhibit A**, at ¶ 5. Specifically, $1.4 million was wired from Drive Planning's Account ending in 2951 to Upward Title & Closing Agency LLC on January 25, 2024. *See id*. As reflected in the Receiver's Sworn Statement and Accounting, this account held the majority of Drive Planning's investor funds. *See* ECF No. 81.

The title to the Haye Property was transferred to Mark Paul Haye, Trustee of the Mark Haye Living Trust. *See id.* at ¶ 6. Mr. Haye is an agent/advisor and investor of Drive Planning. *See id.* at ¶ 4. On January 26, 2024, Mark Haye executed a promissory note for $1.4 million in favor of Drive Planning. *See id.* at ¶ 10. The promissory note, a copy of which is attached as Exhibit 2 of the Receiver's Declaration, requires monthly payments to Drive Planning in the amount of $18,501.00, inclusive of principal and interest, at an annual rate of 10%. *See* Exhibit 2 of the Receiver's Declaration. The note's maturity date is March 1, 2034, at which time all remaining principal and interest amounts are due in full. *See id*.

3

Mr. Haye, however, did not remit regular payments to Drive Planning. The Receiver's investigation of the payment history reveals that all funds applied toward the loan balance, totaling $74,004, were not personally contributed by Mr. Haye or the Mark Haye Living Trust. *See* Receiver's Declaration at ¶ 11. Instead, these amounts were deducted from commissions Mr. Haye purportedly earned as an agent/advisor for Drive Planning.[2] Consequently, no new or independent funds were used to satisfy his loan obligations, only commissions derived directly from funds misappropriated from investors.

Mr. Haye has failed to make any payment required under the note since the Receiver's appointment. Upon learning of the loan, the Receiver demanded that Mr. Haye make all outstanding and current monthly payments due pursuant to the note and pay the entire balance due thereunder pursuant to his breach thereof or transfer the Haye Property to the Estate in satisfaction of the loan balance. As Mr. Haye has failed to comply with these demands, the Receiver seeks the appropriate legal and equitable remedies to recover the Haye Property so that it can be liquidated, and the proceeds can be used to pay off the loan balance in full.

---

[2] Mr. Haye received commissions from Drive Planning totaling over $1.2 million, excluding the $74,004 in commissions that Drive Planning used to make his monthly payments under the note. *See* Receiver's Declaration at ¶ 10.

### III. MEMORANDUM OF LAW

As Mr. Haye is in possession of property purchased with funds transferred directly from an account of Drive Planning containing investor funds, the Court should (i) require Mr. Haye, as trustee of the Mark Haye Living Trust, to immediately turn over possession and control of the Haye Property to the Receiver, and (ii) impose a constructive trust over the Haye Property in favor of the Receivership Estate and declare that the Haye Property is property of the Receivership Estate.

### a. Court Orders Require Turnover of Haye Property to Receiver

Based on the findings in this Court's Orders, because the Haye Property was purchased with funds transferred directly from an account of Drive Planning containing investor funds, and the person in possession of that property (Mr. Haye) has refused to turn over the property to the Receiver or repay the amount transferred to purchase it, in response to the Receiver's demand pursuant to this Court's Orders, the Court should compel Mr. Haye to immediately turn over the property to the Receiver.

#### i. Preliminary Injunction

On August 13, 2024, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief against Drive Planning, LLC and Russell Todd Burkhalter, alleging they operated a massive Ponzi scheme under the guise of a real estate investment program. *See* ECF No. 1.

The SEC also filed an Expedited Motion for Emergency Relief to prevent the dissipation of assets and the continued defrauding of investors. *See* ECF No. 2. In its motion, the SEC presented evidence to show that, from September 2020 through June 2024, over 2,500 investors residing in at least 48 states invested approximately $372 million based on promises of unrealistically high returns from real estate ventures. *See id*. at pp. 5-6. Defendants primarily used new investor funds to pay earlier investors, in typical Ponzi fashion, with more than $280 million still being owed to investors. *See id*. at pp. 4-6.

Based on the foregoing, and other evidence presented in the SEC's motion, the Court entered a Preliminary Injunction Freezing Assets and Granting Other Equitable Relief (the "Preliminary Injunction"), freezing the assets of the Defendants and Relief Defendants, prohibiting the destruction of documents, and requiring an accounting of the Defendant's assets and activities, among other things. *See* ECF No. 11 at ¶ 4. In the Preliminary Injunction, the Court found that the SEC had presented sufficient evidence to support a *prima facie* case that Mr. Burkhalter and Drive Planning had violated federal securities laws by making material misrepresentations and misappropriating investor funds. *See id.* at ¶ 2. The Court further found that the Relief Defendants improperly received funds derived from the fraudulent activities. *See id.* at ¶ 4.

### ii.     Appointment Order

Also on August 13, 2024, the Court entered the Appointment Order, appointing Kenneth D. Murena, Esq., as the Receiver over Drive Planning and all assets owned by, or purchased with funds derived from investors or clients of, Drive Planning. *See* ECF No. 10. The Court found that the appointment of a Receiver was necessary to marshal, preserve, and recover assets derived from fraudulent activities tied to the Defendants' alleged Ponzi scheme. *See id*. at pp. 1-2. The Receiver was authorized and directed to take "exclusive jurisdiction and possession of the assets, whatever kind and wherever situated" of Drive Planning and "take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests . . .." ECF No. 10 at ¶¶ 1, 19. Moreover, the Receiver was tasked with, *inter alia*, securing assets acquired with or otherwise traceable to investor funds, managing the Receivership Estate, and liquidating assets for the benefit of defrauded investors. *See id*. at ¶¶ 4-7.

Given that the Haye Property was acquired with funds transferred directly from an account of Drive Planning that contained investor funds, the Receiver is authorized to take immediate possession of that property. Because Mr. Haye has refused to turn over the Haye Property to the Receiver and is unable to repay the entire amount that Drive Planning had transferred to purchase the property, the Court should compel Mr. Haye to turn over the property.

    **b.    <u>Controlling Law Imposes a Constructive Trust Over the Haye Property in Favor of Receivership Estate Because it was Purchased with Funds Fraudulently Obtained from Innocent Investors.</u>**

Courts in Florida[3] have explained, "[t]he doctrine of constructive trusts is a recognized tool of equity designed in certain situations to right a wrong committed and to prevent unjust enrichment of one person at the expense of another either as a result of fraud, undue influence, abuse of confidence or mistake in the transaction." *In re Powe*, 75 B.R. 387, 393 (Bankr. M.D. Fla. 1987); *see also In re First Fidelity Fin. Serv., Inc.*, 36 B.R. 508, 511 (Bankr. S.D. Fla. 1983) ("The reason for imposing a constructive trust is to avoid unjust enrichment to the recipient of the windfall, and to do equity for the party whose property has been misused").

The law of constructive trusts has evolved to recognize that, if the person seeking to impose the constructive trust can trace not only the original *res*, but also successive funds or property into which the original *res* has been transformed, then the party may still impose the constructive trust. *See In re Financial Federated*, 347 F.3d at 891 (*citing In re Powe*, 75 B.R. at 393). Therefore, tracing is a basic requirement and

---

[3] In cases involving real property, Georgia courts generally follow the traditional conflict of law rule of *lex loci rei sitae,* that is, the law of the place where the thing is. *See United States v. One 1990 Lincoln Town Car*, 817 F. Supp. 1575, 1577 (N.D. Ga. 1993) (applying Alabama law to a constructive trust issue because the property in question was located in Alabama)*; see also Veach v. Veach,* 205 Ga. 185, 190, 53 S.E.2d 98 (1949).

element of proof for one seeking to impose a constructive trust. *See In re First Fidelity*, 36 B.R. at 511.

Here, the Receiver has traced investor funds deposited for investment in Drive Planning to the purchase of the Haye Property. *See* Receiver's Declaration at ¶ 5. In particular, the Receiver identified a wire transfer on January 25, 2024, in the amount of $1.4 million from Drive Planning's account holding funds derived from investors to Upward Title & Closing Agency LLC. *See id*. Those funds were then used to purchase the Haye Property, and the title to the property was transferred to the Mark Haye Living Trust. *See id*. at ¶ 3. Drive Planning had obtained those funds through fraudulent means and misappropriated them for the personal use of Mr. Haye. *See* ECF No. 11 at ¶¶ 2, 4; Receiver's Declaration at ¶¶ 5-9. Indeed, Drive Planning obtained funds from investors by misrepresenting how they would be invested and then misappropriated those funds by, among other things, transferring them (pursuant to promissory notes) for the purchase of luxury assets including condominium units for its agents/advisors such as Mr. Haye. *See* ECF No. 11 at ¶¶ 2, 4; Receiver's Declaration at ¶ 7. To prevent the unjust enrichment of Mr. Haye at the expense of the defrauded investors whose funds were used to purchase the Haye Property, the law provides that the Haye Property is subject to a constructive trust in favor of those defrauded investors. *See In re Powe*, 75 B.R. at 393; *In re First Fidelity Fin. Serv., Inc.*, 36 B.R. at 511.

This Court created the Receivership Estate to marshal and safeguard assets of the Drive Planning investors. As such, the Court should impose a constructive trust over the Haye Property in favor of the Receivership Estate, for the benefit of the investors, and compel Mr. Haye to turn over exclusive possession and control of the property to the Receiver.

    **c.** **A Constructive Trust Was Impressed Upon the Funds Used to Purchase the Haye Property at the Time those Funds Were Fraudulently Obtained, Before the Haye Property Was Purchased and Titled in Name of Mark Haye Living Trust.**

A constructive trust arises in favor of a defrauded party at the time the fraud was committed. *See In re General Coffee Corp.*, 828 F.2d 699, 702-707 (11th Cir. 1987) (determining that, under Florida law, a constructive trust arises at the time of the fraud rather than at the time of judgment on the party's fraud claim); *see also Wilkins v. Wilkins*, 144 Fla. 590, 594 (1940) (recognizing a constructive trust exists from the moment the fraudulent transaction giving rise to it takes place).[4] As established above,

---

[4] *See also Mayer v. Cianciolo*, 463 So. 2d 1219, 1221 (Fla. 3d DCA 1985) (finding a constructive trust in favor of son arose when he quitclaimed his joint interest in real property for the sole reason of facilitating its sale by his mother); *Malkus v. Gaines*, 434 So. 2d 957, 960-61 (Fla. 3d DCA 1983) (finding Malkus held partnership interest in company in constructive trust for Gaines since the date of the fraud), *pet. for rev. denied*, 446 So. 2d 100 (Fla. 1984); *Johnson v. Johnson*, 349 So. 2d 698, 699 (Fla. 4th DCA 1977) ("When Mrs. Johnson conveyed her interest in The Harborage to her husband, she became the beneficiary under a constructive trust and he became the trustee"); *Hallam v. Gladman*, 132 So. 2d 198, 204 (Fla. 2d DCA 1961) (finding constructive trust "arises through operation of law [w]here one through fraud, abuse of confidence, or other questionable means gains property which in equity or good conscience he should not be permitted to retain"); *Traub v. Traub*, 102 So. 2d 157, 158

Drive Planning fraudulently obtained the funds used to purchase the Haye Property. *See* ECF No. 11 at ¶¶ 2, 4; Receiver's Declaration at ¶ 9. Therefore, a constructive trust arose in favor of the defrauded investors at the time Drive Planning fraudulently obtained their funds, *i.e.*, *before* the Haye Property was purchased using their funds transferred from a Drive Planning account and *before* it was titled in the name of the Mark Haye Living Trust.

As such, because no individual or entity has a competing claim to the Haye Property, this Court should impose a constructive trust in favor of the Receivership Estate (for the benefit of the defrauded investors) upon the Haye Property, which was acquired with the fraudulently obtained funds over which a constructive trust was already impressed as a result of Drive Planning's fraudulent acquisition thereof. *See Wilkins*, 144 Fla. at 594. (holding that a constructive trust is impressed upon the property in the very transaction in which the property is conveyed); *see also In re Financial Federated*, 347 F.3d at 891 (finding that a constructive trust can be imposed upon property if fraudulently obtained funds upon which a constructive trust was already impressed can be traced to that property).

---

(Fla. 2d DCA 1958) (defendant held real property in constructive trust for his brothers from the time they executed the misleading deed to the property).

### d. A Constructive Trust May Be Imposed Over the Haye Property in Favor of the Estate, Even if It Is Homestead Property.

A constructive trust or equitable lien may be imposed on the Haye Property in favor of the Receivership Estate even if it is Mr. Haye's homestead property. It is well-settled in Florida that homestead property is subject to the imposition of a constructive trust to the extent it was purchased with fraudulently obtained funds:

> '[although the Florida] homestead exemptions should be liberally construed in the interest of the family home, *they should not be applied so as to make them an instrument of fraud or imposition upon creditors.*' Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 130 (1925) (bankruptcy trustee's imposition of equitable lien against defendant's home upon ground it was improved with embezzled funds upheld by Florida Supreme Court as against defendant's assertion of his homestead exemption); *In re Prestien,* 427 F. Supp. 1003, 1008 (S.D. Fla. 1977) (denial of bankrupt's claimed exemptions by bankruptcy court, Hyman, J., upon ground bankrupt had engaged in a fraudulent scheme to defeat his creditors affirmed by District Court, King, J.).

*In re Gherman*, 101 B.R. 369, 370–71 (Bankr. S.D. Fla. 1989) (*citing Pasco v. Harley,* 73 Fla. 819, 75 So. 30 (1917) ("The exemption laws were designed for the honest debtor … and should not be applied as to become an instrument of fraud upon creditors."); *Slatcoff v. Dezen,* 76 So. 2d 792 (Fla. 1954). The rule set forth in *Jones v. Carpenter* that a homestead cannot be employed as an instrumentality of fraud has been restated by the Supreme Court of Florida in numerous cases to impose an equitable lien against homestead property. *See, e.g., Financial Federated,* 347 F.3d

12

at 887 (*citing Craven v. Hartley,* 102 Fla. 282, 135 So. 899 (Fla. 1931); *LaMar v. Lechlider,* 135 Fla. 703, 185 So. 833 (Fla. 1939); *Sonneman v. Tuszynski,* 139 Fla. 824, 191 So. 18 (Fla. 1939)).

Courts have consistently followed Eleventh Circuit law in imposing a constructive trust over homestead property purchased with fraudulently obtained funds. *See, e.g., Lee v. Wiand*, 603 B.R. 161, 175 (M.D. Fla. 2018). Indeed, the Eleventh Circuit has imposed a constructive trust against a homestead property owned by an innocent party, reasoning that if fruits of the fraud can be traced to the purchase or improvement of the homestead, then a constructive trust is warranted regardless of the homeowner's involvement in the fraud. *See id.* at 177 (*citing In re Hecker*, 264 F. App'x 786, 787 (11th Cir. 2008) (upholding use of tracing funds that were the subject of fraud in imposing an equitable lien against a homestead purchased with or improved by such funds). The Court explained that:

> 'A constructive trust is a remedy which equity applies in order to do justice.' *Wadlington v. Edwards*, 92 So. 2d 629, 631 (Fla. 1957). 'The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem.' *Id.*

*Id.* at 175.

Here, the Receiver, with the assistance of his counsel and forensic accountants, has traced funds that were obtained from investors to the purchase of the Haye

Property. *See* Receiver's Declaration at ¶¶ 5-9. Specifically, as explained above and in the attached declaration, the Receiver discovered that $1.4 million was wired on January 25, 2024, from Drive Planning's account holding funds derived from its investors to Upward Title & Closing Agency LLC. *See id*. Those funds were then used to purchase the Haye Property, and the title to the property was transferred to the Mark Haye Living Trust. *See id*. at ¶ 6. While Mr. Haye claims to have made payments to Drive Planning pursuant to the $1.4 million promissory note he executed in favor of Drive Planning, all such "payments" applied to the loan balance, totaling $74,004, were not personally contributed by Mr. Haye or any related party, but rather were deducted from commissions he "earned" as an agent/advisor for Drive Planning. *See id*. at ¶ 11. Consequently, no new or independent funds were used to satisfy Mr. Haye's loan obligations, only commissions derived directly from funds misappropriated from investors and recycled to perpetrate the illusion of payments by Mr. Haye. *See id*.

As all amounts used to purchase and service the debt on the Haye Property are directly traceable to investors, and no personal or external funds have ever been applied to the property, to do justice and prevent unjust enrichment of Mr. Haye or any other party, a constructive trust over the Haye Property in favor of the Receivership Estate (for the benefit of the defrauded investors) is warranted irrespective of any possible claim of homestead. *See In re Hecker*, 264 F. App'x at 787; *Lee v. Wiand,* 603 B.R. at 175, 177.

e. **Efforts to Resolve Issues with Mark Haye and Certificate of Conference**

The Receiver has made extensive good-faith efforts to negotiate a resolution with Mr. Haye regarding the Haye Property, which started in August 2024. These efforts included providing clear proposals for short-term payment arrangements with reduced monthly payments, refinancing options, and selling the Haye Property to pay off the loan balance, as well as requesting specific proposals from Mr. Haye for the Receiver's consideration. Despite repeated assurances from Mr. Haye that he wished to resolve the matter, including various proposals on his part, no viable agreement was reached due to his failure to meet the Receiver's basic requirements that (i) the loan balance be paid in full in the short term through refinancing or the turnover and sale of the Haye Property, and (ii) he make reduced monthly loan payments to the Estate.

Further, recently, Mr. Haye retained Kimberly Killian Law, Esq. as counsel, and the Receiver has continued discussions to resolve this matter with Ms. Law; however, a resolution has not been reached, and Mr. Haye opposes the relief sought in this motion.

## IV. CONCLUSION

The Receiver's request for turnover of and the imposition of a constructive trust over the Haye Property is in accord with the law in this District and in the State of Florida (which applies given the property's location), principles of equity, and the Appointment Order and Preliminary Injunction. Drive Planning defrauded thousands

of innocent investors out of hundreds of millions of dollars and used a portion of their funds, earmarked for investment in Drive Planning's real estate acceleration loan or tax lien programs, to purchase the Haye Property. Fortunately, applicable law and principles of equity impress upon that property (even homestead) a constructive trust and equitable lien in favor of the defrauded investors so the Receiver may take exclusive possession and control of the property and liquidate it for the benefit of those victims.

## **CERTIFICATION OF CONFERENCE**

The undersigned counsel certifies that prior to filing this motion the Receiver conferred with counsel for the SEC, and with counsel for Defendants and Relief Defendants, regarding the relief requested herein and such counsel informed undersigned counsel that they have no opposition to the requested relief. Mark Haye objects to the relief requested herein.

WHEREFORE, the Receiver respectfully requests that this Court enter an order: (i) requiring the immediate turnover of possession and control of the Haye Property to the Receiver; (ii) imposing a constructive trust over the Haye Property in favor of the Receivership Estate and/or declaring that it is property of the Estate and thus subject to exclusive possession, control, and/or liquidation by the Receiver; (iii) ordering Mr. Haye and any other occupant to vacate the premises upon a date certain not to exceed 30 days from entry of this Court's order; (iv) authorizing the Receiver to market and

sell the Haye Property; and (vi) directing Mr. Haye to cooperate with, and provide any information or signatures needed by the Receiver to preserve the value of the Haye Property and effect its sale and transfer.

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver* |
|---|---|
| Adriana M. Pavon | Henry F. Sewell, Jr. |
| Florida Bar No. 1025060 | Georgia Bar No. 636265 |
| apavon@dvcattorneys.com | Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
| Florida Bar No. 44417 | Telephone: (404) 926-0053 |
| rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN | VALORI | CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |
| Miami, Florida 33131 | |
| Telephone: (305) 371-3960 | |
| Facsimile: (305) 371-3965 | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on March 24, 2025, I electronically filed the foregoing Motion using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated:  March 24, 2025.

                                                     s/*Russell Landy*
                                                     Russell Landy, Esq.
                                                     Florida Bar No. 44417
                                                     *Admitted Pro Hac Vice*