**EXHIBIT 2**

## **PROMISSORY NOTE**

$1,400,000.00                                                                                              Pinellas County, Florida
                                                                                                                   January 10, 2024

FOR VALUE RECEIVED, the undersigned, **Mark Haye, a single man** ("Maker"), promise to pay to the order of **Drive Planning, LLC, a Georgia limited liability company**, or their successors, assigns, or together with any other holder hereof ("Holder"), at 8000 Avalon Blvd., Suite 279, Alpharetta, GA 30009, or such other place as Holder may from time to time designate in writing, the principal sum from time to time advanced hereunder, which in no event shall exceed the sum of ONE MILLION FOUR HUNDRED THOUSAND 00/100 DOLLARS ($1,400,000.00) as hereafter provided, to be paid in lawful money of the United States of America, as follows:

1. Interest will be charged on the unpaid principal balance at a rate of 10% per annum. Payments shall be made as follows:

   Maker shall deliver to Holder monthly payments consisting of principal and accrued interest in the amount of $18,501.00, on the unpaid principal balance, beginning on March 1, 2024, and continuing on the same day of each month thereafter through the Maturity Date (as hereinafter defined). Unless extended as provided below, Maker's final payment will be due on March 1, 2034 (the "Maturity Date") and will be for all remaining principal and accrued interest not yet paid, together with any other unpaid amounts under this Note.

2. The Term of this Note shall extend through the Maturity Date, at which time all principal and accrued interest thereon shall be immediately due and payable.

3. This Note may be prepaid in whole or in part at any time. Any payment or prepayment hereunder shall be applied first to unpaid costs of collection and late charges, if any, then to accrued and unpaid interest and the balance, if any, to installments of principal, in the inverse order of their maturity.

4. After maturity or acceleration, this Note shall bear interest at the Default Interest Rate as provided herein until paid in full. The "Default Interest Rate" is 10% per annum.

5. This Note has been executed and delivered in, and its terms and provisions are to be governed by and construed under the laws of the State of Florida, except as such laws may be modified by the laws of the United States of America and regulations thereunder.

6. It is the intent of this Note that such laws shall be interpreted in such a manner that the maximum rate of interest allowed to be contracted for by applicable law, as changed from time to time, which is applicable to this Note (the "Maximum Rate") be as great as possible. In no event shall Maker be obligated to pay interest or payments in the nature of interest which would result in interest being charged at a rate of interest in excess of the Maximum Rate. That portion of any payment made by Maker which results in the rate of interest being charged to exceed the Maximum Rate ("excess sum") shall be credited as a payment of principal, or if Maker so requests in writing, returned to Maker, or, if the indebtedness and other obligations evidenced by this Note have been paid in full, returned to Maker together with interest at the same rate as was paid by Maker during such period. Any excess sum credited to principal shall be credited as of the date paid to Holder. The Maximum Rate varies from time to time and from time to time there may be no specific maximum rate. Holder shall have the right hereunder to seek judicial determination of the applicable rate of interest, and during any period of judicial determination (including all appeals) the withholding of

any co-maker) or against any other person liable for payment hereof or to attempt to realize on any collateral for this Note.

20.  MAKER AND ANY OTHER PERSON LIABLE FOR PAYMENT HEREOF, BY EXECUTING THIS NOTE OR ANY OTHER DOCUMENT CREATING SUCH LIABILITY, WAIVE THEIR RIGHTS TO A TRIAL BY JURY IN ANY ACTION, WHETHER ARISING IN CONTRACT OR TORT, BY STATUTE OR OTHERWISE, IN ANY WAY RELATED TO THIS NOTE.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR HOLDER'S EXTENDING CREDIT TO MAKER AND NO WAIVER OR LIMITATION OF HOLDER'S RIGHTS UNDER THIS PARAGRAPH SHALL BE EFFECTIVE UNLESS IN WRITING AND MANUALLY SIGNED ON HOLDER'S BEHALF.

21.  Maker acknowledges that the above paragraph has been expressly bargained for by Holder as part of the loan evidenced hereby and that, but for Maker's agreement and the agreement of any other person liable for payment hereof thereto, Holder would not have extended the loan for the term and with the interest rate provided herein.

22.  This note may be assigned by Holder, in Holder's sole discretion. Maker may not assign, pledge, or hypothecate this note.

23.  This Note is and for all times during the term hereof shall be secured by a real estate mortgage of even date, which mortgage pertains to the real property described therein (the "Premises").This Note is also subject to the terms and provisions of any other documents executed in connection herewith (the "Loan Documents"), provided, however, this Note shall prevail in the event of a conflict with any of the Loan Documents.

24.  DOCUMENTARY STAMPS IN THE AMOUNT DUE BY LAW WERE PAID AND AFFIXED TO THAT CERTAIN MORTGAGE OF EVEN DATE HEREWITH GIVEN TO SECURE THIS NOTE AND RECORDED IN THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA

IN WITNESS WHEREOF, Maker has executed this Note on the day and year first above written.

"MAKER"

_____  1/10/24
Mark Haye

Mark Haye appeared before me on January 10, 2024.

_Veronica Melendez_



VERONICA MELENDEZ
Notary Public
State of Florida
Comm# HH209120
Expires 12/16/2025

{06471476-1}