UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

                                   Civil Action No. 1:24-cv-03583-VMC

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

    Defendants,
and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

    Relief Defendants.
_____/

### RECEIVER'S REPLY TO MARK HAYE'S RESPONSE TO RECEIVER'S MOTION FOR TURNOVER OF AND IMPOSITION OF CONSTRUCTIVE TRUST ON REAL PROPERTY TRACEABLE TO DRIVE PLANNING, LLC [ECF NO. 104]

Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver") files his reply to Mark Haye's response [ECF No. 104] to the Receiver's Motion for Turnover of and Imposition of Constructive Trust on Real Property Traceable to Drive Planning, LLC [ECF No. 98], and states:

1. Mr. Haye's response contains no legal authority or factual rebuttal that addresses the well-established legal basis for imposing a constructive trust on property purchased with misappropriated investor funds. The response does not cite any case law or statutory provision or make any evidentiary objection. It fails entirely to dispute the tracing of the $1.4 million in investor funds used to purchase the St. Petersburg, Florida condominium unit (the "Haye Property" as defined in the Motion), or the controlling authority holding that such property (regardless of title form or claimed intent) is subject to turnover and constructive trust where investor funds were fraudulently diverted to purchase it. *See Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (finding that a party's failure to respond to any portion or claim in a motion indicates such portion, claim, or defense is unopposed); *Sherk v. Adesa Atlanta, LLC*, 432 F. Supp. 2d 1358, 1374 (N.D. Ga. 2006) ("finding that a party's failure to respond to an argument constitutes that party's abandonment of the claim or defense to that argument).

2. It would be inequitable for Mr. Haye to retain the Haye Property as an offset for his purported investment losses, as any such loss claim must be evaluated through a claims process like all other investors' claims. His attempt to link the Haye Property to his alleged losses conflates two unrelated matters and improperly seeks to elevate his claim above the claims of other investors.

3. Mr. Haye claims he "invested substantially more" but omits the fact that he received commissions and other substantial payments from Drive Planning that collectively far exceed any alleged investment.

4. The Haye Property at issue was purchased entirely with investor funds, and Mr. Haye never made a single out-of-pocket payment toward its purchase or repayment of the loan pursuant to the promissory note in favor of Drive Planning, LLC. His attempt to reframe the transaction as an "unsecured loan" ignores the tracing of investor funds to the Haye Property and controlling law.

5. Finally, Mr. Haye's general open ended and non-specific request for more time to obtain another loan ignores the fact that the Receiver has made extensive good-faith efforts to negotiate a resolution with Mr. Haye since August 2024, including offering clear proposals for short-term payment arrangements with reduced monthly payments, refinancing options, and selling the Haye Property to pay off the loan balance. Unfortunately, no viable agreement was reached due to Mr. Haye's failure to meet the Receiver's basic requirements for the Estate that (i) the loan balance be paid in full in the short term through refinancing or the turnover and sale of the Haye Property, and (ii) he make reduced monthly loan payments to the Estate in the interim. The Receiver does not believe that affording Mr. Haye any further time will result in a resolution acceptable to the Estate.

WHEREFORE, the Receiver respectfully requests that this Court enter an order: (i) requiring the immediate turnover of possession and control of the Haye Property to the Receiver; (ii) imposing a constructive trust over the Haye Property in favor of the Receivership Estate and/or declaring that it is property of the Estate and thus subject to exclusive possession, control, and/or liquidation by the Receiver; (iii) ordering Mr. Haye and any other occupant to vacate the premises upon a date certain not to exceed 30 days from entry of this Court's order; (iv) authorizing the Receiver to market and sell the Haye Property; and (vi) directing Mr. Haye to cooperate with, and provide any information or signatures needed by the Receiver to preserve the value of the Haye Property and effect its sale and transfer.

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
|     Florida Bar No. 1025060 |     Georgia Bar No. 636265 |
|     apavon@dvcattorneys.com |     Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
|     Florida Bar No. 44417 | Telephone: (404) 926-0053 |
|     rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on April 18, 2025, I electronically filed the foregoing Motion using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*