UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

                                                        Civil Action No. 1:24-cv-03583-VMC

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

    Defendants,
and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

    Relief Defendants.
_____/

**RECEIVER'S REPLY TO JULIE EDWARDS'S RESPONSE
TO RECEIVER'S MOTION FOR TURNOVER OF AND
IMPOSITION OF CONSTRUCTIVE TRUST ON REAL PROPERTY
<u>TRACEABLE TO DRIVE PLANNING, LLC [ECF NO. 123]</u>**

      Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver") files his reply to Julie Edwards's response [ECF No. 123] to the Receiver's Motion for Turnover of and Imposition of Constructive Trust on Real Property Traceable to Drive Planning, LLC [ECF No. 114], and states:

1. The Receiver seeks a constructive trust arising from the direct harm to Drive Planning as a result of Defendant Russell Todd Burkhalter transferring funds from Drive Planning's accounts to purchase the Cumming, Georgia property (the "Edwards Property" as defined in the Receiver's motion) for Ms. Edwards, wrongfully diverting funds for the improper purpose of depriving Drive Planning of its assets and unjustly enriching Ms. Edwards. *See Wiand v. Lee*, 753 F.3d 1194, 1202 (11th Cir. 2014) (a receiver of entities used to perpetrate a Ponzi scheme has standing to sue on behalf of the corporations that were injured by the Ponzi scheme operator).

2. Ms. Edwards's response contains no legal authority or factual rebuttal that addresses the well-established legal basis for imposing a constructive trust on property purchased with misappropriated funds of Drive Planning. The response does not cite any case law or statutory provision or make any evidentiary objection.

3. Ms. Edwards entirely fails to dispute the tracing of Drive Planning funds used to purchase the Edwards Property or the controlling authority holding that such property (regardless of title form or claimed intent) is subject to turnover and constructive trust where funds of the receivership entity (Drive Planning) were fraudulently diverted to acquire it, and where the Receiver, acting on behalf of that directly injured entity, has standing to recover such assets. *See Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (finding that a party's failure to

respond to any portion or claim in a motion indicates such portion, claim, or defense is unopposed); *see also Sherk v. Adesa Atlanta, LLC*, 432 F. Supp. 2d 1358, 1374 (N.D. Ga. 2006) ("finding that a party's failure to respond to an argument constitutes that party's abandonment of the claim or defense to that argument).

4. While the Receiver acknowledges that Ms. Edwards currently resides at the Edwards Property and has personal and emotional ties to it, such circumstances do not negate the clear legal entitlement of the Receivership Estate to recover such property acquired with Drive Planning funds.

5. Crucially, the purchase of the Edwards Property occurred ***after*** the commencement of the Receivership, of which Ms. Edwards had actual notice, in direct violation of the asset preservation and anti-dissipation provisions set forth in the Court's Appointment Order. *See* ECF No. 10.

6. To allow Ms. Edwards to retain the property would be an unjust enrichment, and the Eleventh Circuit has held that, "the purpose of a constructive trust is to prevent the unjust enrichment of culpable parties." *Am. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528, 1541 (11th Cir. 1983); *see also Bender v. Centrust Mortg. Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995) (a constructive trust arises where a party "holds title to property [but] is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it").

7.      The Receiver has made good-faith efforts to explore alternatives with Ms. Edwards and her former counsel, including obtaining financing to repay the amount Drive Planning had transferred to purchase the Edwards Property, which would allow for her continued occupancy while ensuring the Receivership Estate is made whole.  Unfortunately, Ms. Edwards's inability to obtain financing and the absence of any enforceable security (such as a recorded mortgage or other lien on the property), or a repayment arrangement, renders such options unfeasible.

WHEREFORE, the Receiver respectfully requests that this Court enter an order: (i) requiring the immediate turnover of possession and control of the Edwards Property to the Receiver; (ii) imposing a constructive trust over the Edwards Property in favor of the Receivership Estate and/or declaring that it is property of the Estate and thus subject to exclusive possession, control, and/or liquidation by the Receiver; (iii) ordering Ms. Edwards and any other occupant to vacate the premises upon a date certain not to exceed 30 days from entry of this Court's order; (iv) authorizing the Receiver to market and sell the Edwards Property; and (vi) directing Ms. Edwards to cooperate with, and provide any information or signatures needed by the Receiver to preserve the value of the Edwards Property and effect its sale and transfer.

    Respectfully submitted,

    *s/Russell Landy*
    Russell Landy, Esq.

4

*Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver*
Adriana M. Pavon
    Florida Bar No. 1025060
    apavon@dvcattorneys.com
*Admitted Pro Hac Vice*
Russell Landy
    Florida Bar No. 44417
    rlandy@dvllp.com
*Admitted Pro Hac Vice*

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

Florida Bar No. 44417
*Admitted Pro Hac Vice*

*Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver*
Henry F. Sewell, Jr.
    Georgia Bar No. 636265
    Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
Telephone: (404) 926-0053
hsewell@sewellfirm.com

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on June 3, 2025, I electronically filed the foregoing Motion using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                    s/Russell Landy
                    Russell Landy, Esq.
                    Florida Bar No. 44417
                    Admitted Pro Hac Vice