FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 17 2025

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

Civil Action No. 1:24-cv-03583-VMC

SEC v. Drive Planning, LLC, et al.

May 28, 2025

Honorable Victoria M. Calvert,

I write to formally express my profound concerns regarding the administration of the receivership in the matter of SEC v. Drive Planning, LLC, et al. As an investor directly impacted by the defendants' misconduct, I find several decisions in this case highly troubling and inconsistent with the fiduciary duty owed to harmed investors.

There are four specific issues that demand immediate scrutiny:

1. **Continued Compensation to Todd Burkhalter:** It is wholly inappropriate for Mr. Burkhalter to continue receiving compensation sourced from investor funds. Given the serious allegations levied against him, the continuation of these payments defies basic principles of justice and accountability, further exacerbating the financial harm suffered by investors.

2. **Use of Investor Funds for Legal Fees:** The authorization of investor funds to cover Mr. Burkhalter's legal expenses is deeply concerning. This practice raises serious questions about the prioritization of investor restitution versus the defense of an individual accused of misconduct. Such expenditures not only fail to serve the interests of justice but directly harm those seeking rightful recovery.

3. **Payments to the Yacht Captain:** The disbursement of funds to compensate a yacht captain—when those funds should be safeguarded for investor restitution—is alarming. The justification for such expenditures is unclear and casts doubt on the receivership's oversight of non-essential assets. These funds must be directed toward investor recovery rather than discretionary payments.

4. **Receivership Compensation:** While the work of the Receiver is understood to require fair compensation, the scale of these payments must be critically examined. Excessive administrative costs threaten to erode confidence in the integrity of this process and diminish the funds available for rightful investor restitution. The Court must ensure that compensation aligns proportionally with actual funds recovered, rather than imposing undue financial burdens on defrauded investors.

These decisions collectively undermine the very purpose of the receivership: to protect and maximize the return of funds to harmed investors. I respectfully urge the Court to exercise heightened oversight to ensure that all financial decisions uphold the principles of equity, efficiency, and accountability. The integrity of this process depends on the fair and transparent management of recovered assets.

I appreciate the Court's attention to this matter and trust that appropriate corrective measures will be taken to uphold investor interests.

Respectfully,

Eric J. Gall
27012 Adriana Circle, Unit 201
Bonita Springs, FL 34135
Investor/Interested Party

Eric Gall
27012 Adriana Cir Apt 201
Bonita Springs, FL 34135-6573

FT MYERS FL 339

29 MAY 2025 PM 1 L



Honorable Victoria M. Calvert
United States District Judge
2125 Richard B. Russell Federal Building
United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309
Courtroom 2105

CLEARED DATE

JUN 02 2025

U.S. Marshals Service
Atlanta, GA 30303

30303-330845