UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

**Plaintiff,**
v.

Civil Action No. 1:24-cv-03583-VMC

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

**Defendants,**
and

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

**Relief Defendants.**
_____/

# RECEIVER'S RESPONSE IN OPPOSITION TO DEFENDANT RUSSELL TODD BURKHALTER'S MOTION TO ALLOW FUNDS FOR LIVING EXPENSES [ECF NO. 138]

Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver") in the above-captioned enforcement action, files his response in opposition to *Defendant Russell Todd Burkhalter's Motion to Allow Funds for Living Expenses* [ECF No. 138] (the "Motion"), and states:

1. The Receiver objects to the requested release of additional Receivership Estate funds intended to repay victims for Mr. Burkhalter's living expenses.

2. This request follows two previous releases of funds to Mr. Burkhalter for living expenses totaling $122,000 since the commencement of this action [ECF Nos. 11, 77]. Mr. Burkhalter has had sufficient time to obtain gainful employment in the nearly one year since the entry of the Preliminary Injunction and the Appointment Order. *See* ECF Nos. 10, 11.

3. Instead, Mr. Burkhalter has failed to secure employment while residing in a luxury condominium unit purchased with investor funds – which he has refused to surrender to the Receiver despite being unable to afford to pay its carrying costs. As a result, to prevent a third party from obtaining a tax lien certificate against the unit, the Receiver was forced to use Receivership Estate funds to pay the significant property tax bill that Mr. Burkhalter neglected to timely pay (resulting in an increased tax liability). And, while holding over in the condominium unit, Mr. Burkhalter has engaged in inappropriate conduct in violation of the condominium associations rules and regulations, which could result in fines and liens being assessed against the unit and additional unnecessary expenses that the Receivership Estate will need to bear. To minimize such expenses and preserve the condominium unit's value for the benefit of the Receivership Estate, the Receiver will be filing a

motion for turnover of and imposition of a constructive trust over the unit, pursuant to applicable law and the Receiver's tracing of investor funds to its purchase.

4. Further, after those two disbursements of Receivership Estate funds to Mr. Burkhalter, a judgment was entered establishing Mr. Burkhalter's liability, and with it, his misconduct in connection with the fraudulent scheme perpetrated through Drive Planning. *See* ECF No. 102.

5. Accordingly, the Receiver objects because such a disbursement is not in the best interest of the Estate or its investors, the vast majority of whom are victims of Mr. Burkhalter's fraudulent scheme and have yet to receive any recovery.

6. The Receiver has also received numerous calls and emails, and reviewed comments posted to online message boards, from dozens of investors expressing outrage at the notion that Mr. Burkhalter would receive additional funds. The investors view any continued support for Mr. Burkhalter's living expenses as a misuse of Receivership Estate resources that should be preserved and distributed to those who were harmed by his misconduct, many of whom face financial ruin. Several of those investors have recently lodged their complaints directly with the Court. *See* ECF Nos. 143-149.

7. Finally, Mr. Burkhalter suggests that he is entitled to receive additional funds from the Estate to pay living expenses because he is cooperating with the Receiver. First, his cooperation is required under the Appointment Order. Second,

while the Receiver appreciates Mr. Burkhalter's not objecting to his efforts to take control of, market, and sell real property and certain personal property purchased with investor funds, such cooperation has not been entirely without delays and, importantly, it is in Mr. Burkhalter's best interest that the Estate expeditiously sell these assets, many of which are depreciating in value. Indeed, maximizing the sale prices and remitting the proceeds to the Estate will reduce the amount of disgorgement (to be imposed pursuant to the Judgment entered against Mr. Burkhalter) that may be deemed satisfied.

WHEREFORE, the Receiver respectfully requests that this Court deny Defendant Russell Todd Burkhalter's Motion to Allow Funds for Living Expenses [ECF No. 138] in its entirety.

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

*Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver*
Adriana M. Pavon
   Florida Bar No. 1025060
   apavon@dvcattorneys.com
*Admitted Pro Hac Vice*
Russell Landy
   Florida Bar No. 44417
   rlandy@dvllp.com
*Admitted Pro Hac Vice*

*Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver*
Henry F. Sewell, Jr.
   Georgia Bar No. 636265
   Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
Telephone: (404) 926-0053
hsewell@sewellfirm.com

4

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on June 30, 2025, I electronically filed the foregoing Response in Opposition using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: June 30, 2025.

                                                s/*Russell Landy*
                                                Russell Landy, Esq.
                                                Florida Bar No. 44417
                                                *Admitted Pro Hac Vice*