UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

    **Plaintiff,**

**v.**

                                **Civil Action No. 1:24-cv-03583-VMC**

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

    **Defendants,**
**and**

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

    **Relief Defendants.**
_____/

**RECEIVER'S RESPONSE TO ORDER TO SHOW CAUSE
AS TO MOTION FOR TURNOVER OF MARK HAYE PROPERTY,
<u>AND CERTIFICATE OF SERVICE</u>**

Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver"), submits his response to the Court's July 7, 2025 Order to Show Cause regarding the Receiver's Motion for Turnover of and Imposition of Constructive Trust on Real

Property Traceable to Drive Planning, LLC (the "Motion for Turnover") [ECF No. 98], and states:

## Summary

The Court should not set aside its Opinion and Order on the Motion for Turnover because Mr. Haye was served with the Receiver's Supplemental Brief and upon receipt thanked the Receiver's counsel for sending it.

## Facts and Argument

1. On May 21, 2025, the Court ordered the Receiver to file a supplemental brief addressing specific legal questions regarding the Motion for Turnover and requiring that the Receiver's brief be served on Mr. Haye. *See* ECF No. 124.

2. On June 2, 2025, the Receiver filed his supplemental brief in compliance with the Court's Order (the "Supplemental Brief"). *See* ECF No. 129.

3. Contemporaneous with the filing of the Supplemental Brief, on June 2, 2025, Receiver's counsel emailed the Supplemental Brief to Mark Haye. *See* Correspondence from Receiver's Counsel to Mark Haye Serving Supplemental Brief, dated June 2, 2025, attached as **Exhibit A**.

4. On June 3, 2025, Mr. Haye acknowledged receipt of service of the Supplemental Brief by email stating "**Thank you sir.**" *See* **Exhibit B**. Accordingly, Mr. Haye was promptly served with the Supplemental Brief, acknowledged actual notice, and had an opportunity to file a response.

5. This service was pursuant to Mr. Haye's prior express consent to receive documents by email. Specifically, in an April 24, 2025 email titled "Court docs", Mr. Haye expressly requested that Receiver's counsel send him court filings so he could "respond in a timely manner." *See* Correspondence Between Receiver's Counsel and Mark Haye Regarding Service of Documents, attached hereto as **Exhibit C**.

6. As requested, the Receiver's counsel served Mr. Haye with a copy of the Receiver's reply in support of the Motion for Turnover. *See* Correspondence Between Receiver's Counsel and Mark Haye Serving Reply, attached hereto as **Exhibit D**. In response to that service, Mr. Haye filed a sur-reply in opposition to the Motion for Turnover. *See* ECF No. 109.

7. And, when the Receiver later served Mr. Haye with a copy of the Receiver's motion to strike Mr. Haye's sur-reply (filed without leave of Court), Mr. Haye acknowledged receipt of service and corresponded by email with the Receiver's counsel regarding the filing. *See* **Exhibit E**.

8. Therefore, there was no reason to serve subsequent filings related to the Motion for Turnover on Mr. Haye by any method other than email. As such, as explained above, the Receiver's counsel served that Supplemental Brief on Mr. Haye by email and Mr. Haye confirmed his receipt thereof. Unlike other filings, however,

the Receiver's counsel inadvertently omitted information concerning service of Mr. Haye from the certificate of service incorporated in the Supplemental Brief.

9. Nevertheless, Mr. Haye was properly served pursuant to his request to be served court documents by email and had actual notice of the Supplemental Brief.[1]

10. And, Mr. Haye was aware that he was served with the Supplemental Brief prior to contacting the Court on July 7, 2025. After Mr. Haye asserted that he had not been served with the Supplemental Brief, the Receiver's counsel promptly reminded him of the June 2, 2025 email and his acknowledgment of receipt.

11. In sum, the Receiver has been seeking resolution of this matter with Mr. Haye in good faith since August 2024, holding off on filing the Motion for Turnover for several months to facilitate Mr. Haye's unsuccessful attempt to obtain financing

---

[1] Mr. Haye was initially served by a process server with the Receiver's Motion for Turnover on April 2, 2025. *See* ECF No. 100. Mr. Haye actively participated in the briefing on the Motion for Turnover without raising any objection to the form or sufficiency of initial service of process (or subsequent service of related filings) until after the Court granted the Motion for Turnover. Accordingly, any claim that initial service was improper was waived. *See PNC Bank, Nat'l Ass'n v. Lewis Contracting Servs., LLC*, No. 1:23-cv-828-JKL, 2024 U.S. Dist. LEXIS 167615 at *7 (N.D. Ga. Aug. 9, 2024) (finding that even when a party has a meritorious objection to service of process that party will waive the objection if it substantially participates in the litigation without pursuing the defense); *Allstate Vehicle & Prop. Ins. Co. v. Slack*, No. 1:19-CV-05047, 2021 U.S. Dist. LEXIS 262795, 2021 WL 9720395, at *4 (N.D. Ga. July 7, 2021) ("Even where the defense is timely raised, courts in [the Eleventh Circuit] have found that a defendant waives the service of process defense when it substantially participates in the litigation without pursuing the defense.")

to pay the amount due to the Estate. *See* ECF No. 100 at p. 15. Mr. Haye was properly served with the Motion and all related filings including the Supplemental Brief and his assertion that he was not properly served with that brief is only delaying the effect of the Court's Opinion and Order and preventing the Receiver from taking control of the property at issue, preparing and marketing it for sale, and selling it (in a declining real estate market) to maximize the recovery by the Receivership Estate.

WHEREFORE, the Receiver respectfully requests that the Court not set aside its Opinion and Order.

Respectfully submitted,

s/ *Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver*<br>Adriana M. Pavon<br>    Florida Bar No. 1025060<br>    apavon@dvcattorneys.com<br>*Admitted Pro Hac Vice*<br>Russell Landy<br>    Florida Bar No. 44417<br>    rlandy@dvllp.com<br>*Admitted Pro Hac Vice*<br>DAMIAN \| VALORI \| CULMO<br>1000 Brickell Avenue, Suite 1020<br>Miami, Florida  33131<br>Telephone: (305) 371-3960 | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver*<br>Henry F. Sewell, Jr.<br>    Georgia Bar No. 636265<br>    Buckhead Centre<br>2964 Peachtree Road NW, Suite 555<br>Atlanta, GA 30305<br>Telephone: (404) 926-0053<br>hsewell@sewellfirm.com |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on July 9, 2025, I electronically filed the foregoing response using the CM/ECF System, which will automatically send e-mail notification of such filing to all registered attorneys of record, and sent the foregoing response to Mark Haye by e-mail to mhaye@xxicenturyfin.com, and by U.S. Mail to 100 1st Avenue N, Unit 203, St. Petersburg, Florida 33701.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                               s/*Russell Landy*
                                               Russell Landy, Esq.
                                               Florida Bar No. 44417
                                               *Admitted Pro Hac Vice*