IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

Civil Action No. 1:24-cv-03583-VMC

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,
Defendants,

and

JACQUELINE BURKHALTER, et al.,
Relief Defendants.

**FILED IN CHAMBERS**
**U.S.D.C. Atlanta**

JUL 07 2025

By: Kevin P. Weimer, Clerk
Deputy Clerk

**SUPPLEMENTAL RESPONSE AND OBJECTION OF MARK PAUL HAYE**
**TO THE COURT'S OPINION AND ORDER DATED JUNE 30, 2025 (DOC. 152)**

COMES NOW Mark Paul Haye, individually and as trustee of the Mark P. Haye Living Trust, appearing pro se, and respectfully submits this Supplemental Response and Objection to the Court's Opinion and Order dated June 30, 2025 (Doc. 152), and states as follows:

**I. LACK OF PROPER SERVICE AND DUE PROCESS VIOLATIONS**

1. The Court's Order (Doc. 152) indicates that I was personally served with the Receiver's Motion for Turnover and Constructive Trust (Doc. 98) on April 2, 2025. I respectfully assert that I have never been lawfully or properly served under Federal Rule of Civil Procedure 4, nor did I receive actual notice of the Receiver's motion or supporting documentation.

2. Because I was unaware of the pending Motion for Turnover or the Court's Order requesting supplemental briefing (Doc. 124), I was deprived of any meaningful opportunity to review the evidence, challenge the Receiver's tracing analysis, or respond to arguments affecting my home and property rights.

3. It is well-established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

4. Any order entered without proper notice and opportunity to be heard is constitutionally infirm. The Court's ruling, based on a record of service that did not in fact reach me, is inconsistent with the fundamental fairness required by the Due Process Clause.

**II. THE COURT SHOULD RECONSIDER OR VACATE ITS ORDER**

1. Because no valid service has occurred, I respectfully request that the Court reconsider, vacate, or stay the enforcement of its June 30,

2025 Order (Doc. 152) under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure until I have been properly served and afforded a reasonable opportunity to be heard.

2. As stated in my prior limited response (Doc. 104), I maintain that I am a good-faith transferee for value. The property at issue was not a gratuitous transfer, but was acquired through a contractual arrangement involving a valid promissory note, and supported by ongoing consideration and services rendered.

3. The Receiver has not established—nor have I had the opportunity to contest—the elements required under Florida law for imposing a constructive trust, including:

- Wrongful conduct or unjust enrichment,
- Clear and convincing evidence of fraud or inequity,
- Tracing of funds to the specific asset, and
- The absence of defenses such as value given and lack of knowledge.

4. Furthermore, under *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296 (11th Cir. 2020), and *Wand v. ATC Brokers Ltd.*, 96 F.4th 1303 (11th Cir. 2024), a receiver's claims must be based on the Receivership Entity's own rights—not directly on claims belonging to investors. The Receiver's standing to assert equitable remedies such as constructive trust over property owned by a third-party trust remains in legal doubt.

## III. HOMESTEAD AND EQUITABLE CONSIDERATIONS

1. The subject property is my primary residence and has been homesteaded under Florida law. Florida's constitutional protections against forced sale of a homestead should not be circumvented by equitable remedies unless strict standards are met.

2. I have invested substantial personal resources into maintaining and improving the property and have made over $74,000 in payments toward the promissory note. I have never been accused of fraud and have acted in good faith throughout.

3. Equity does not support the extreme remedy of forced divestiture of a primary residence where the occupant provided value, acted in good faith, and has not been shown to have participated in or benefited from any fraudulent scheme.

## IV. RELIEF REQUESTED

WHEREFORE, I respectfully request that the Court:

a. Vacate, reconsider, or stay enforcement of its June 30, 2025 Order (Doc. 152);

b. Direct the Receiver to effect proper service under Rule 4 and provide me with all filings relied upon, including Docs. 98 and 129;

c. Permit me a reasonable period to respond substantively to the Receiver's motion after proper service; and

d. Grant such other and further relief as justice may require.

Respectfully submitted this 1st day of July, 2025.

/s/ Mark Paul Haye

Mark Paul Haye,

Individually and as Trustee of the Mark P. Haye Living Trust

Pro Se

100 1st Ave N., #203

St. Petersburg, Florida 33701

Markhaye31@yahoo.com

(727) 804-7220

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

    Defendants,

and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

    Relief Defendants.

Civil Action No.
1:24-cv-03583-VMC

**ORDER**

Before the Court is the Receiver's Motion for Turnover of and Imposition of Constructive Trust on Real Property Traceable to Drive Planning, LLC (Doc. 98). The Receiver is directed to file a supplemental brief addressing the following questions: (1) Under applicable law, can the Receiver enforce a constructive trust in favor of investors and against transferees of traceable investor funds based

OVER-

solely on harm to investors rather than harm to the Receivership Defendant? *See Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1306 (11th Cir. 2020) ("Although a receivership is typically created to protect the rights of creditors, the receiver is not the class representative for creditors and cannot pursue claims owned directly by the creditors."); *accord Wiand v. ATC Brokers Ltd.*, 96 F.4th 1903, 1910 (11th Cir. 2024). (2) In the alternative, can the Receiver's request to enforce a constructive trust against Mark Haye, as trustee of the Mark Haye Living Trust, be justified based on unjust enrichment of Mr. Haye at the expense of the Receivership Defendant? If so, does the Court need to receive evidence on the fair market value of the unsecured Promissory Note?

(3) The Receiver's brief must be filed no later than June 4, 2025, must be no more than 10 pages in length, and must be served on Mr. Haye. Mr. Haye and any interested parties may file a responsive brief, no more than 10 pages in length, within 14 days of being served with the Receiver's brief.

SO ORDERED this 21st day of May, 2025.

Victoria Marie Calvert
United States District Judge

2

MR. MARK P. HAYE
100 1ST AVENUE N.
UNIT #203
SAINT PETERSBURG, FL. 33701



SHIP TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING® #
9505 5141 6243 5182 8607 93

C039

TO: UNITED STATES DISTRICT COURT
HONORABLE VICTORIA MARIE CALVERT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE S.W.
ATLANTA, GEORGIA, 30303

CLEARED SECURITY
JUL 07 2025
U.S. MARSHALS SERVICE
Atlanta, Georgia

CLEARED SECURITY
JUL 07 2025
U.S. MARSHALS SERVICE
Atlanta, Georgia

