IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC, and RUSSELL TODD BURKHALTER,<br><br>    Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES LLC, and TBR SUPPLY HOUSE, INC.,<br><br>    Relief Defendants. | Civil Action No.<br>1:24-cv-03583-VMC |

**ORDER**

The Court entered an Opinion and Order (Doc. 152) granting the Receiver's Motion for Turnover and Imposition of Constructive Trust ("Turnover Motion," Doc. 98) directing Mark Paul Haye, Trustee of the Mark P. Haye Living Trust, to

turnover certain real property traceable to Receivership funds. Before the Court is Mr. Haye's Motion to Stay Enforcement of Opinion and Order. (Doc. 178).[1]

Generally, an interlocutory judgment in an action for a receivership is not stayed after being entered, even if an appeal is taken. Fed. R. Civ. P. 62(c). However, a Court may order that such an order is stayed. *Id.* An application for a stay under Rule 62(c) "necessarily goes to the discretion of the court." *Wright & Miller*, 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed.). Faced with such an application, the Court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Motion to Stay does not discuss Mr. Haye's likelihood of success on the merits at all. (Doc. 178). Mr. Haye appears to assert that the Receiver's failure to serve him with a supplemental brief constitutes grounds to vacate the Opinion and

---

[1] Mr. Haye also filed several other post-judgment motions, including a Motion to Disqualify the attorney for the Receiver (Doc. 175), and a Motion to Vacate or Stay Order Due to Failure to Comply with Service Requirements (Doc. 179). The Court will not address these motions and several related papers (Doc. 177, 170, 171, 182, 184) until those motions are fully briefed. To the extent any of these requests seek a stay of the Opinion and Order pending resolution of the post-judgment motions or appeal, the Court denies the requests in part for the reasons given here.

Order. (Doc. 179). However, "[u]nless justice requires otherwise, no error . . . by the court or a party . . . is ground . . . for vacating, modifying, or otherwise disturbing a judgment or order." Fed. R. Civ. P. 61. This rule, known as the "harmless error" rule, requires the Court to determine that any error asserted affected the outcome of the case. *Id.* ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

Here, Mr. Haye had already been heard on the Turnover Motion, and the only possible prejudice to him was, arguably, a lack of an opportunity to respond to any arguments the Receiver made in his supplemental brief. But any error in failing to serve Mr. Haye with the supplemental brief would be harmless unless Mr. Haye had a meritorious response to the receiver's supplemental brief that would have affected the outcome of the Turnover Motion. The Court cannot determine whether Mr. Haye's response to the Receiver's supplemental brief would have made a difference in the outcome, however, because he still has not filed his proposed response brief.[2]

Until the Court reviews the proposed response brief Mr. Haye would have filed, the Court cannot determine that any alleged error by the Receiver or the

---

[2] Mr. Haye has made it clear from the record that he has had the Receiver's supplemental brief for well more than 14 days now. (Doc. 180).

Court was not harmless.[3] Accordingly, Mr. Haye has not met the standard for a stay of the Court's Opinion and Order under Rule 62(c). It is therefore

---

[3] The Court reminds Mr. Haye that with respect to the original Turnover Motion, it already held that "[n]o further responses or replies may be filed without leave of Court," and therefore the Court will disregard any arguments in any forthcoming proposed response brief that do not directly respond to the Receiver's supplemental brief. The Court reminds Mr. Haye that the Court's briefing Order directed the Receiver to brief the following issues:

> (1) Under applicable law, can the Receiver enforce a constructive trust in favor of investors and against transferees of traceable investor funds based solely on harm to investors rather than harm to the Receivership Defendant? *See Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1306 (11th Cir. 2020) ("Although a receivership is typically created to protect the rights of creditors, the receiver is not the class representative for creditors and cannot pursue claims owned directly by the creditors."); *accord Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1310 (11th Cir. 2024). (2) In the alternative, can the Receiver's request to enforce a constructive trust against Mark Haye, as trustee of the Mark Haye Living Trust, be justified based on unjust enrichment of Mr. Haye at the expense of the Receivership Defendant? If so, does the Court need to receive evidence on the fair market value of the unsecured Promissory Note?

(Doc. 124).

**ORDERED** that Mr. Haye's Motion to Stay Enforcement of Opinion and Order. (Doc. 178) is **DENIED WITHOUT PREJUDICE**. Any renewed Motion to Stay must include a proposed response to the Receiver's Supplemental Brief. (Doc. 129).

**SO ORDERED** this 17th day of July, 2025.

_____
Victoria Marie Calvert
United States District Judge