IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States Securities and Exchange Commission,
Plaintiff,

v.

Drive Planning, LLC, and Russell Todd Burkhalter,
Defendants,

and

Jacqueline Burkhalter, The Burkhalter Ranch Corporation, Drive Properties, LLC, Drive Gulfport Properties LLC, and TBR Supply House, Inc.,
Relief Defendants.

Civil Action No. 1:24-cv-03583-VMC

LETTER TO THE HONORABLE VICTORIA MARIE CALVERT
RE: Objection to Continued Living Expense Payments for Defendant Russell Todd Burkhalter

July 23, 2025

The Honorable Victoria Marie Calvert
United States District Judge
United States District Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, GA 30303

Dear Judge Calvert,

I write as a concerned investor and interested party in the above-captioned matter to respectfully object to the continued approval of living expense payments for Defendant Russell Todd Burkhalter. I am deeply troubled by the ongoing disbursements of substantial funds from the receivership estate—funds that rightfully belong to harmed investors—to support the personal lifestyle of a Defendant accused of serious financial misconduct.

I wish to raise the following specific concerns:

1. Educational Expenses for an Adult Child
Mr. Burkhalter has included in his request funding for his adult daughter's college tuition. While admirable, such costs are not essential living expenses and should not be subsidized with money that could go toward restitution for victims.

2. Alimony Obligations
If Mr. Burkhalter has spousal support obligations, they should be addressed through family court channels, not at the expense of the receivership estate.

3. Housing Costs Are Unnecessarily High
He currently resides in a condominium with high HOA fees. Lower-cost options are readily available and should be considered as a reasonable alternative.

4. Personal Vehicle in Walkable Area
Living in downtown St. Petersburg gives access to transportation alternatives. Car ownership is not essential and should not be covered by the receivership estate.

5. Underemployment and Staffing Redundancy
I understand Mr. Burkhalter works part-time at Club 201 while employing two managers. He should be expected to increase his hours and reduce unnecessary payroll costs before seeking financial assistance.

6. Requested Expenses Are Excessive
He has requested approximately $10,000 per month—equivalent to $120,000 annually. That exceeds the U.S. median household income by a significant margin and cannot be justified as "basic living expenses."

7. Victims Need Support Too
Many victims are experiencing hardship. It is unjust to continue subsidizing a Defendant's lifestyle when those harmed have received no restitution.

8. He Has Already Received Significant Funds
Mr. Burkhalter has already received $120,000 in living expense support over the past year. This should have allowed ample time to adjust financially.

9. Legal Counsel Already Paid
His legal fees—totaling $250,000—have also been paid from the estate. This further burden an already depleted fund meant for victims.

10. Restitution Must Come First
The primary goal of this receivership must be to restore losses to investors. Further disbursements to Mr. Burkhalter should not occur until investor distributions have begun and only if he can show true hardship and self-effort to reduce personal expenses.

For these reasons, I respectfully urge the Court to:

- Deny any additional requests by Mr. Burkhalter for living expense payments;
- Prioritize restitution to investors before any further non-essential distributions are made to Defendants; and
- Provide any other relief the Court deems fair and necessary.

Thank you for your attention to this matter and for your service in overseeing a fair and just outcome for all affected.

Respectfully submitted,

Concerned Investor

5131 Valley Forge
Toledo, Oh. 43613

METROPLEX MI 480

1 AUG 2025 PM 15 L

177

The Honorable Victoria Marie Calvert
US District Judge
US District Court
Northern District of Georgia
75 Ted Turner Dr. S W
Atlanta, GA 30303

CLEARED DATE
AUG 04 2025
U.S. Marshals Service
Atlanta, GA 30303

30303-330999