UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

Case No. 1:24-cv-03583-VMC

DRIVE PLANNING, INC., et al.,
Defendants.

## Reply in Support of Motion to Disqualify Receiver's Counsel

COMES NOW, Mark P. Haye, pro se, and respectfully submits this reply in further support of his Motion to Disqualify Receiver's Counsel, Russell Landy, and states as follows:

## I. Introduction

The Receiver's response (Doc. 205) fails to rebut the core issues raised in Appellant's Motion to Disqualify. Instead, it mischaracterizes both the facts and the conduct of its own counsel, Mr. Landy. This reply provides further clarification of the misleading behavior, threats, and prejudicial treatment by Mr. Landy, which undermine fairness and due process in this matter.

## II. Patterns of Misrepresentation and Threatening Behavior

Mr. Landy repeatedly communicated with Appellant in a condescending and coercive manner, including threats to pursue adverse actions without affording proper time to respond. His refusal to engage meaningfully in proposed resolutions and his misstatements about Appellant's actions—including the false claim that Appellant chose not to respond—demonstrate a disregard for candor and ethical obligations.

These actions are especially harmful given Appellant's pro se status. Mr. Landy took advantage of this status by ignoring service requirements, selectively engaging, and creating an unfair narrative before the Court—all while refusing to acknowledge or respond to Appellant's good faith efforts at resolution.

### III. Improper Service and Procedural Shortcuts

Counsel's decision to ignore formal service requirements ordered by the Court (Doc. 124), followed by email-only communication without certification or notice of deadlines, prejudiced Appellant's ability to be heard. This disregard for procedural fairness constitutes a further reason why Mr. Landy should be disqualified.

### IV. The Integrity of the Judicial Process Demands Neutrality

Appellant has raised substantial concerns about bias and misconduct. Disqualification is warranted to preserve integrity, especially where counsel has become a partisan antagonist instead of an impartial fiduciary serving the Court's interest in equity.

### V. Conclusion

Finally, Appellant respectfully reminds the Court that the Receiver never communicated that service would be made by email, nor did he provide any heads-up that the 14-day response window was expiring. If email was deemed sufficient, basic fairness required at least a certification of service and follow-up to inform Appellant of the deadline. This failure deprived Appellant, a victim of the underlying fraud, of a fair opportunity to be heard.

Appellant has consistently sought mutual resolution and does not view the Receiver as an adversary. Both parties ultimately share the goal of returning value to the estate and resolving this matter efficiently. Appellant simply asks to be treated as what he is — a good-faith participant, a lender, and a victim — not as the wrongdoer.

Furthermore, the Receiver filed no notice of certification of service, and no motion or filing to inform the Court that Appellant had allegedly failed to respond within 14 days. These omissions are critical. If service by email was sufficient, it should have been followed by a formal certification and a notice that the 14-day window was triggered. At no point was the Court or Appellant given notice that the

response window had begun or expired — a violation of procedural fairness and due process.

The Receiver demonstrated full knowledge of the required service process when he served another individual, Melissa Sontheimer, on April 2, 2025, and filed a corresponding Notice of Certification with the Court. This action proves the Receiver understood the proper procedure for service and certification. The failure to serve Appellant in accordance with the Court's May 21 Order — and the failure to file any notice of service or default — was therefore not an oversight but a willful disregard of the Court's mandate.

It is deeply concerning that an officer of the court would knowingly ignore a clear service order, fail to notify the Court of alleged unresponsiveness, and proceed to seek a turnover order without proper notice. If these actions are left unaddressed, they risk setting a dangerous precedent where court orders can be disregarded without consequence, and pro se litigants deprived of their basic rights.

For the reasons stated above and in the original motion, Appellant respectfully renews his request that Russell Landy be disqualified as counsel to the Receiver. His conduct has undermined the neutrality expected in this proceeding and prejudiced Appellant's rights.

If I were the judge in this case, and I saw an attorney blatantly ignore a clear court order of service, pretend to be confused about proper service procedures, and then draft a proposed order stripping someone of their home based on that misconduct, I would be extremely concerned. This conduct misleads the Court and undermines the integrity of the judicial process.

Respectfully submitted,

Mark P. Haye
Pro Se Appellant
100 1st Ave N., #203
St. Pete, FL 33701
Markhaye31@yahoo.com

Dated: August 4, 2025

MR. MARK PAUL HAYE
100 1ST AVE N. - UNIT #203
ST. PETERSBURG, FL. 33701



TAMPA FL 335
SAINT PETERSBURG
4 AUG 2025

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE S.W.
ATLANTA, GEORGIA, 30303

U.S. Marshals Service
Atlanta, GA 30303

CASE No: 1:24-CV-03583-VMC