# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC, and RUSSELL TODD BURKHALTER,<br><br>    Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES LLC, and TBR SUPPLY HOUSE, INC.,<br><br>    Relief Defendants. | Case No. 1:24-cv-03583-VMC |

_____

## ORDER APPROVING CLAIMS PROCESS AND EMPLOYMENT OF STRETTO INC. <u>AS NOTICING AND CLAIMS PROCESSING AGENT</u>

THIS MATTER came before the Court on the Receiver's Motion to

Approve Claims Process and for Authorization to Employ Stretto Inc. as Noticing

and Claims Processing Agent (the "Motion").[1]  With the Court having considered

the Motion and the court file in the above-captioned case, noting that Plaintiff and

Relief Defendants have no objection to the requested relief and that Defendant

Burkhalter has not asserted an objection, and being otherwise duly advised in the

premises, the Court finds there is good cause to grant the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

**1.**      The Motion is granted in its entirety.  The form of Legal Notice of

Claims Process (the "Notice") attached as Exhibit B to the Motion is approved.

The Proof of Claim and Release Form (the "Claim Form") attached as Exhibit C to

the Motion is approved.

The Receiver is authorized to implement the claims process as set forth in

the Motion and below (the "Claims Process"):

**2.**      **NOTICE OF CLAIMS PROCESS**

**2.1**      **Retention of Claims Agent:**      The Court authorizes the

Receiver to engage Stretto Inc. ("Stretto") to serve as noticing and claims

processing agent ("Claims Agent") in the administration of the Claims Process as

set forth in the executed Proposal and Services Agreement attached as Exhibit A to

the Receiver's Motion.  The Receiver is authorized to pay an initial retainer of

---

[1] All capitalized terms used herein shall have the meanings ascribed to them in the Motion.

$15,000 to Stretto to cover the initial fees and costs it incurs in connection with the Claims Process. After the entire retainer is applied to such fees and costs, the Receiver is authorized to pay the monthly invoices that Stretto sends to the Receiver in an amount not to exceed $10,000 per month for services rendered and costs incurred, without further order of the Court.[2] To the extent Stretto's fees and costs incurred for the Claims Process exceed this $10,000 monthly maximum, the Receiver will request authority from the Court to pay the additional amount. Stretto shall be paid from the Receivership Estate only as authorized by the Court herein.

  **2.2 Notice to Potential Claimants**: The Receiver, with the assistance of Stretto, shall notify each known potential claimant of the Claims Process, the Claims Bar Date, and their right to submit a Claim Form as provided herein by sending the Notice in a form substantially similar to Exhibit B to the Receiver's Motion. The Notice shall be sent by email to the last known email address of all known potential claimants, by no later than 60 days after the date of this Order. The Notice shall include a link to the online portal for completion and

---

[2] This $10,000 monthly maximum does not apply to the monthly invoices that Stretto sends to the Receiver for the investor data and document collection portal that the Receiver has utilized to prepare the pre-filled claim forms and will continue to utilize to confirm claim amounts and make determinations in the Claims Process. The Receiver is authorized to continue to pay those invoices.

submission of the Claim Form.  The Receiver will also post the Notice, a link to the online claims portal, a copy of this Order, and any other information the Receiver deems appropriate on the receivership website.

### 3.    FILING OF CLAIMS

**3.1    Allowed Claim:**  The claim of an investor or creditor will be allowed (an "Allowed Claim"), such that the claimant will be *entitled* to receive a distribution from the Drive Planning Recovery Fund based on that claimant's loss of principal investment, the value of the goods or services rendered, or the amount owed to claimant, provided that the claimant sufficiently demonstrates to the satisfaction of the Receiver through documentation and/or sworn statements, among other things:

(i)    that such claimant invested funds with, and/or provided goods or services or a loan *directly* to, Drive Planning;

(ii)    that the total amount that such claimant transferred, or the value of the goods or services the claimant provided, to Drive Planning, exceeds the total amount that Drive Planning or its affiliates transferred back or paid to such claimant;

AND

(iii)   that such claimant (a) was not a member, owner, officer, director, or

other insider of Drive Planning, (b) was not a member, owner, officer,

director, or other insider of any entity owned in full or in part by

Drive Planning, and (c) did not knowingly assist Drive Planning or

Defendant Burkhalter to effectuate, perpetuate, or promote any of

Drive Planning's investment scheme(s) or have knowledge of the

fraudulent nature of such scheme at the time of the investment, loan,

or other transaction underlying the claim.[3]

The Receiver may consider other factors in determining whether a claim is

an Allowed Claim.[4]  If an investor or creditor cannot prove all three of the

foregoing factors to the Receiver's satisfaction, that claimant's claim will be

---

[3] Upon receipt of a Claim Form from agent-investors who suffered a net loss, the Receiver is hereby authorized to review the relationship between each agent-investor and Drive Planning and determine whether the agent-investor can properly certify that he/she is not an insider of Drive Planning as stated in this subsection (iii).  To the extent the Receiver determines that an agent-investor can properly certify the statements in subsection (iii), that agent-investor shall be treated like a non-agent investor in this Claims Process.

[4]  Notwithstanding these factors for determining whether a claim should be allowed, the Receiver is hereby authorized to analyze each claim and the circumstances surrounding each investor's investment in or transfers to Drive Planning, and relationship with, Drive Planning and/or Defendant Burkhalter and the corporate entities owned by Drive Planning and/or Defendant Burkhalter and object to and seek to disallow any claim based on any information or circumstances.

disallowed, and such investor or creditor will receive no distribution.

  **3.2** **Allowed Claim Amount:** The Receiver will pre-fill the Claim Form with each investor claimant's net loss amount (the "Allowed Claim Amount"), as calculated by the Receiver using Drive Planning's bank account records, the forensic reconstruction of Drive Planning's bank accounts prepared by the Receiver's forensic accountant, and the investors' documents uploaded to the data collection portal hosted by Stretto.  The Receiver will calculate the Allowed Claim Amount by subtracting the total amount of transfers (regardless of how those transfers were categorized by Drive Planning) that an investor or creditor received from Drive Planning from the total amount of transfers that such investor made to Drive Planning (*i.e.*, a simple money-in, money-out calculation).  An investor's allowed claim amount will be equal to the investor's net loss.  Each known investor will receive notice of the Claims Process and a pre-filled claim form stating the Receiver's determination of the investor's Allowed Claim Amount with a breakdown of that investor's deposits to and withdrawals from Drive Planning. Investors will have the opportunity to confirm and/or dispute each deposit and withdrawal and the resulting net loss (allowed claim) amount, as calculated by the Receiver, and, if disputed, submit a claim against the Estate for a different amount with supporting documentation.  The Receiver will consider such claims and

supporting documentation in making a determination regarding the amount of each investor's Allowed Claim Amount.

The calculation of a claimant's Allowed Claim Amount will not include any interest, profit, or fees promised, but not paid, to an investor or creditor. A claimant's net loss will be calculated on a consolidated basis, so that if a claimant has multiple accounts, including personal accounts held individually or jointly with a spouse, individual retirement accounts, trust accounts, and/or sole-owned limited liability company accounts, the Allowed Claim Amount will be the total deposits in all accounts minus the total withdrawals from all accounts. Claimants are required to report any amounts recovered from third parties related to Drive Planning so that those amounts may be deducted from the Allowed Claim Amount. At any point in the Claims Process or during implementation of the plan of distribution, an Allowed Claim Amount may be increased or decreased if the Receiver discovers additional deposits, withdrawals, or recovery of losses from a third party. The investor or creditor will be promptly notified of any change in Allowed Claim Amount and given an opportunity to dispute that change.

**3.3    Submitting Claims**:  Any claimant asserting a claim against the Estate of Drive Planning LLC, regardless of whether that claim has been acknowledged by the Receiver, shall submit to the Receiver's Claims Agent a

Claim Form on or before the Claims Bar Date.  The Claim Form shall be deemed submitted on the date it is received by the Receiver's Claims Agent, or the date that it is postmarked, whichever is later.

3.4    **Place to Submit Claims**:  All Claim Forms shall be completed and submitted through the online claims portal hosted by Stretto.  The Receiver will email each investor claimant a pre-filled Claim Form containing the claimant's identifying information and the proposed Allowed Claim Amount.  Claimants will have the option to dispute or reject the Allowed Claim Amount stated on the Claim Form through the online claims portal.  Claimants unable to submit a Claim Form using the online claims portal may print the Claim Form and complete and submit it with supporting documents by mail postage prepaid to: Drive Planning Receivership Claims Processing c/o Stretto, 410 Exchange, Ste. 100, Irvine, CA 92602.  The deadline by which Claim Forms must be received by the Receiver or Stretto shall be 90 days from the date of the Order approving this Motion.

3.5    **Claims Improperly Filed with the Court**:  A Claim Form filed with the Court is not in and of itself properly submitted as required under this Order. Any Claim Form improperly filed with the Court shall be date stamped by the Clerk, entered on the docket as a sealed document, and forwarded to Stretto at the above address. Any Claim Form date stamped prior to the Claims Bar Date and

actually received by the Receiver or Stretto prior to the Receiver's final determination date is considered submitted under this Order as of the date stamped on it by the Clerk.

**3.6    Disputing the Receiver's Determination of Allowed Claim Amount**:  Claimants who dispute the Allowed Claim Amount stated in the pre-filled Claim Form must complete a blank Claim Form as shown in Exhibit C to the Motion and upload documentation supporting their purported Allowed Claim Amount.  That supporting documentation should be comprised of bank account statements, brokerage account statement, Individual Retirement Account statements, wire transfer receipts, and/or cancelled checks evidencing transfers to and withdrawals and/or distributions from Drive Planning.  The Receiver is not required to rely on any documents prepared by Drive Planning or Defendant Burkhalter in calculating a claimant's Allowed Claim Amount.

**3.7    Creditor Claims**:  Creditors will need to complete the Claim Form using the online portal because their Claim Forms will not be pre-filled, and upload supporting documents evidencing the value of the goods and services provided to Drive Planning and the unpaid nature of their invoices or Drive Planning's purported debt to the creditor.

**3.8    Processing of Claims**:  Stretto shall collect and record all submitted Claim Forms on a claims register.  Stretto will conduct a preliminary review of the Claim Forms, determine whether the claimant is accepting or disputing the Allowed Claim Amount stated on the Claim Form and whether disputed claims lack supporting documents, and request such documents from claimants.  Stretto shall also make an initial calculation of the Allowed Claim Amount as evidenced by supporting documentation for all disputed claim amounts and submit that calculation to the Receiver's office for review and approval by the Receiver.

**3.9    Late-Filed Claims**:  Any completed Claim Form not submitted through the online claims portal, or by physical mail delivery actually received by Stretto or the Receiver and postmarked by the Claims Bar Date shall be barred, and claims submitted after the Claims Bar Date will not be allowed except (i) in any case, for good cause shown, to be determined in the Receiver's sole discretion; or (ii) upon motion filed with the Court alleging constitutionally deficient notice, if the motion is filed promptly upon receipt of actual notice of the Receivership proceedings and determination of the allowability of the claim prior to final distribution is practicable.

**4.    THE CLAIMS DETERMINATIONS**

**4.1     Receiver's Final Determinations of Claims**:  The Receiver will review Stretto's initial determinations for each disputed claim and make a final determination (the "Final Determination") as to the amount, if any, to be allowed for each claim.  To the extent the Receiver decides to reject a claim in whole or in part, the Receiver, with Stretto's assistance, will send to the claimant an email setting forth the Receiver's Final Determination and identifying: (i) the reason(s) the Receiver has rejected or not accepted the full amount of the claim; and (ii) the classification of the claim.  The email to claimants will also state the deadline and method to appeal the Receiver's Final Determination to this Court.

**4.5     Court's Final Adjudication of Claims**:  A claimant with a partially or wholly disallowed claim may appeal the Receiver's Final Determination to this Court for final adjudication by no later than 30 days after the Receiver sends the Final Determination to the claimant by email.  A Final Determination is appealed by replying to the Final Determination email in writing specifying (1) the intent to appeal the decision to this Court and (2) the basis for disagreement with the Receiver's Final Determination. Any subsequent communications made by the claimant to the Receiver after 30 days from the date of the Final Determination email shall not be part of the record on review. The Receiver will file with the Court a response to any such appeal by no later than 30

days after claimant's written appeal email is received by the Receiver. The response should include the record on review consisting of the Claim Form, Final Determination, claimant's written appeal, and all documents considered by the Receiver or submitted for inclusion by the claimant. The Receiver shall redact the record on review as required under Federal Rule of Civil Procedure 5.2(a). The Court shall have sole jurisdiction and serve as the exclusive venue to consider the appeal of any claimant who objects to any part of the Receiver's Final Determination. This Court's determination on a claimant's appeal is final. Absent an order granting a stay of final distribution pending appeal, any further appeal of the Court's decision on claim allowance will not stay final distribution and neither the Receiver nor any investor, creditor, or other estate professional shall be liable to repay any payment received prior to or during the pendency of any such appeal in the event the claim is later allowed on appeal.

**4.6    Proposed Distribution Plan**:  Upon completion of the Claims Process, by no later than 30 days after the Court enters an Order regarding all pending appeals of the Receiver's Final Determinations, the Receiver shall submit to the Court for approval all Final Determinations of Allowed Claims and a proposed distribution plan providing the amount of the proposed initial distribution to each claimant holding an Allowed Claim.

**4.7    Claims Process Schedule:**    The Claims Process schedule is reflected in the following summary timetable:

| | |
|---|---|
| Day 0 | Plan Approval Date |
| Day 60 | Receiver to send out Claims Packages |
| Day 90 | Claims Bar Date |
| Day 120 | Receiver's Final Determination Date |
| Day 150 | Claimant Deadline to Appeal Final Determination to the Court |
| Day 180 | Receiver's Deadline to File Responses to Appeals |
| TBD | Receiver's Deadline to File Motion to Approve Plan of Distribution and Proposed Initial Distribution Amounts |

**4.8    Modification of the Claims Process:**    The Receiver may modify the Claims Process and the approved forms as necessary to complete the objectives of such process consistent with this Order by filing notice of the proposed modifications with the Court. The proposed modifications take effect automatically unless a party in interest files an objection or the Court enters a *sua sponte* Order disapproving the modifications within 7 days of the date of filing of the notice. In the event of an objection by a party in interest other than the Court,

13

the proposed modifications take effect on the date the Court enters an Order overruling the objection.

DONE AND ORDERED in the Northern District of Georgia on this 25th day of August, 2025.

 

_____

**HON. VICTORIA M. CALVERT**
**UNITED STATES DISTRICT JUDGE**