UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC, and RUSSELL TODD BURKHALTER,<br><br>Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES LLC, and TBR SUPPLY HOUSE, INC.,<br><br>Relief Defendants. | Case No. 1:24-cv-03583-VMC |

### RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH <u>NATIONAL LIFE DISTRIBUTION, LLC</u>

Kenneth D. Murena, as Court-Appointed Receiver (the "Receiver") in the above-styled action, requests that the Court approve the Settlement and Release Agreement entered into by and between the Receiver and National Life Distribution, LLC, and in support states:

## BACKGROUND

### A. Appointment of Receiver

On August 13, 2024, the Court entered the Appointment Order, appointing Kenneth D. Murena, Esq., as the Receiver over Drive Planning, LLC ("Drive Planning") and all assets owned by, or purchased with funds derived from investors or clients of, Drive Planning. *See* ECF No. 10. The Court found that the appointment of a Receiver was necessary to marshal, preserve, and recover assets derived from fraudulent activities tied to the Defendants' alleged Ponzi scheme. *See id*. at pp. 1-2. The Receiver was tasked with, *inter alia*, securing assets acquired with or otherwise traceable to investor funds, managing the Receivership Estate, and liquidating assets for the benefit of defrauded investors. *See id*. at ¶¶ 4-7. The Receiver also was authorized to engage professionals subject to Court approval, issue subpoenas, and take any legal actions necessary to recover assets and protect the Estate. *See id*. at ¶ 7(f).

### B. Receiver's Claims Against National Life

Upon reviewing and analyzing the financial records of Drive Planning, the Receiver discovered that within the time period that Drive Planning was perpetrating an alleged Ponzi and/or fraudulent scheme, Drive Planning transferred at least $23,500,000 in commissions to David Bradford. The Receiver engaged in discussions with David Bradford and his wife, Gabriela Giron, to recover assets acquired using funds originating from Drive Planning and entered into a Preliminary

2

Asset Turnover Agreement with Mr. Bradford and Ms. Giron. In the agreement, Mr. Bradford and Ms. Giron voluntarily agreed to transfer a broad range of assets to the Receivership Estate. The Receiver worked with Mr. Bradford's counsel on having these assets transferred to the Estate, including Mr. Bradford and Ms. Giron's interests in the cash surrender values of several life insurance policies issued by National Life Insurance Company, Life Insurance Company of the Southwest, and National Life Distribution, LLC (collectively, "National Life") (the "Policies"), owned by Mr. Bradford and Ms. Giron.

The Policies have an aggregate net cash surrender value of $1,045,346.84 as of April 26, 2025. The Receiver requested that National Life liquidate the Policies and remit the proceeds to the Estate. National Life advised that it had contractual setoff rights entitling it to retain approximately $118,000 from the surrender proceeds, and potentially additional amounts if Mr. Bradford owed further debts to National Life prior to surrender.

The Receiver and National Life, through counsel, engaged in good faith negotiations and reached a Settlement and Release Agreement, subject to Court approval, whereby the surrender of the Policies will be deemed exercised upon approval and National Life will remit the full cash surrender value of the Policies to the Receiver.

## THE SETTLEMENT

The Receiver and National Life, subject to this Court's approval, have entered into a Settlement and Release Agreement (the "Settlement"), a copy of which is attached hereto as **Exhibit A**. Pursuant to the Settlement, upon approval by the Court, the election to surrender each of the life insurance Policies owned by David Bradford and Gabriela Giron and issued by National Life shall be deemed exercised by the Receiver, Mr. Bradford, and Ms. Giron without the need for any further action. National Life will process the surrender of the Policies and tender the full cash surrender value of each policy to the Receivership Estate within twenty-one (21) days of the Court's approval. As part of the Settlement, National Life has waived any and all contractual setoff rights or other reductions it might otherwise assert against the surrender proceeds.

The Settlement further provides for mutual releases between the Receiver (on behalf of the Receivership Estate, Drive Planning, and its agents) and National Life of any and all claims related to the Policies, Mr. Bradford, or Mrs. Giron, except for claims arising from a breach of the Settlement. The Settlement is beneficial to the Estate because it will result in the recovery of over $1 million in cash proceeds without the need to litigate the existence, enforceability, or amount of National Life's asserted setoff rights, and stops the erosion of the cash surrender value of the Policies. This immediate, uncontested recovery avoids the delay, expense, and risk

of protracted litigation, thereby maximizing value for the Receivership Estate and its beneficiaries.

The Receiver does not expect to incur further expenses in connection with the Settlement unless National Life does not pay the full surrender value by the deadline and the Receiver is forced to pursue collection efforts.

Accordingly, the Receiver now seeks this Court's approval of the Settlement on the grounds that it is in the best interests of the Receivership Estate.

## **CERTIFICATION OF CONFERENCE**

The undersigned counsel certifies that prior to filing this motion the Receiver conferred with counsel for the SEC, and undersigned counsel conferred with Defendant Russell Todd Burkhalter and counsel for the Relief Defendants, regarding the relief requested herein. Such counsel and Mr. Burkhalter informed the Receiver or undersigned counsel that they have no opposition to the requested relief.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit B**, approving the Settlement, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena,* *as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena,* *as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
| Florida Bar No. 1025060 | Georgia Bar No. 636265 |
| apavon@dvcattorneys.com | Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
| Florida Bar No. 44417 | Telephone: (404) 926-0053 |
| rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN  |  VALORI   |  CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |
| Miami, Florida  33131 | |
| Telephone: (305) 371-3960 | |
| Facsimile: (305) 371-3965 | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on August 25, 2025., I electronically filed the foregoing *Motion* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record, and I sent the *Motion* to Defendant Burkhalter via e-mail.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated:  August 25, 2025.

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*