## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

     Plaintiff,

v.

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

     Defendants,

and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

     Relief Defendants.

Civil Action No.
1:24-cv-03583-VMC

## ORDER

Before the Court are the following Motions:

- Mark Haye's Motion to Disqualify Attorney (Doc. 175)

- Mr. Haye's Motion to Vacate or Stay Order due to Failure to Comply with Service Requirements (Doc. 179);

- Mr. Haye's Motion for Reconsideration of Opinion and Order (Doc. 186);

- Mr. Haye's Motion for Hearing (Doc. 188);

- Mr. Haye's Motion to Vacate Opinion and Order (Doc. 152) Due to Denial of Due Process (Doc. 215); and

- Mr. Haye's Emergency Motion to Stay Turnover Deadline Pending Resolution of Tolling Motions (Doc. 255)

The Court entered an Opinion and Order (Doc. 152) granting Receiver Kenneth Murena's Turnover Motion (Doc. 98) and directing Mark Paul Haye, Trustee of the Mark P. Haye Living Trust, to turnover certain real property traceable to Receivership funds (the "Property"). The Court already recounted the procedural history leading to the Opinion and Order in its July 25, 2025 Order, which denied Mr. Haye's various motions to stay the Opinion and Order. (Doc. 206). Mr. Haye appealed the Opinion and Order, and the Eleventh Circuit has docketed the appeal. (Doc. 195). Mr. Haye has also filed a Motion to Stay Pending Appeal with the Eleventh Circuit which is pending. Motion to Stay Pending Appeal, *Haye v. Murena*, No. 25-12437, Dkt. No. 20 (11th Cir. Aug. 20, 2025).

While the Motion to Stay Pending Appeal remains pending in the Eleventh Circuit, the merits of the appeal itself have been stayed due to the pendency of Mr. Haye's post-judgment motions (the "Tolling Motions"), and the Court retains jurisdiction over those Tolling Motions. (Doc. 245) (citing Fed. R. App. P. 4(a)(4)(A)). Mr. Haye has since filed a Motion to Stay his obligation to turnover the real property pending the Court's ruling on the Tolling Motions. For the reasons that follow, the Court will deny the Tolling Motions (as well as Mr. Haye's motion

to disqualify the Receiver's counsel), and will deny as moot Mr. Haye's motion for a hearing on the Tolling Motions and for a stay pending the Court's resolution of the Tolling Motions.

## Legal Standard

Under Local Rule 7.2, NDGa., a motion for reconsideration shall not be filed as a matter of routine practice. *See Belmont Holdings Corp. v. SunTrust Banks, Inc.,* 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012) (citing LR 7.2(E), NDGa.). If a party finds it "absolutely necessary" to file, the motion must be filed within 28 days after entry of the order or judgment. LR 7.2(E), NDGa. Such absolute necessity arises only when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (citation omitted).

A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Id.* at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Comput. Servs., Inc.,* 202 F.R.D. 666, 675 (N.D. Ga. 2001). "This prohibition includes new arguments that

were 'previously available, but not pressed.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." *Bryan*, 246 F. Supp. 2d at 1259; *see also Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

In most circumstances, "clear error" means that "the record lacks substantial evidence" to support a particular finding. *Robinson v. Sauls et al.*, No. 1:18-cv-131-TCB, 2021 WL 2103583, at *1 (N.D. Ga. Mar. 4, 2021) (citing *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011) and *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare.")).

Federal Rule of Civil Procedure 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may

relieve a party or its legal representative from a final
judgment, order, or proceeding for the following
reasons:

(1) mistake, inadvertence, surprise, or excusable
neglect;

(2) newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to
move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or
extrinsic), misrepresentation, or misconduct by an
opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or
discharged; it is based on an earlier judgment that has
been reversed or vacated; or applying it prospectively
is no longer equitable; or

(6) any other reason that justifies relief.

A motion under Rule 60(b) must be made "within a reasonable time," unless it is

brought under subsection (1), (2), or (3), in which case it must be brought no more

than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

## Discussion

## I.    Motion to Disqualify

Through the Motion to Disqualify, Mr. Haye seeks to disqualify Russell

Landy, counsel for the Receiver "for misconduct and repeated failure to follow

proper legal procedures and Court Orders." (Doc. 175 at 2). Specifically, Mr. Haye

alleges that Mr. Landy engaged in a "pattern of deception and unfairness," and

that disqualification is necessary because this case is "under significant public

scrutiny." (*Id.* at 2–3).

Under Local Rule 83.1(C):

> All lawyers practicing before this Court are governed by and must comply with the specific rules of practice adopted by this Court and, unless otherwise provided, with the Georgia Rules of Professional Conduct and the decisions of this Court interpreting those rules.

The Court has inherent authority to disqualify counsel for violating the Georgia Rules of Professional Conduct. LR 83.1(F)(1), NDGa. Even where a lawyer is shown to violate the Georgia Rules of Professional Conduct, however, disqualification is an extraordinary remedy that should be "granted sparingly." *Bernocchi v. Forcucci*, 614 S.E.2d 775, 778 (Ga. 2005). Whether to disqualify an attorney is within the trial court's discretion. *Shuttleworth v. Rankin-Shuttleworth of Ga.*, LLC, 759 S.E.2d 873, 875 (Ga. Ct. App. 2014). When making this determination, a court should move with "great caution." *Id.* at 876 (citation omitted). That is because disqualification could lead to "unique hardship on the client, including the loss of time, money, choice of counsel, and specialized knowledge of the disqualified attorney." *Cohen v. Rogers*, 789 S.E.2d 352, 360 (Ga. Ct. App. 2016) (quotation marks and citation omitted). The court "should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of the lawyers against the litigant's right to freely chosen counsel." *Shuttleworth*, 759 S.E. 2d at 875 (citation omitted).

Mr. Haye does not identify a single violation of the Georgia Rules of Professional Conduct necessitating disqualification. At best, Rule 3.3 requires candor toward the tribunal, but Mr. Haye's Motion to Disqualify does not point to any allegedly false statement of material fact or law that the Receiver's counsel made. Instead, Mr. Haye rehashes arguments that the Receiver's counsel did not comply with rules or directives from the Court to serve him with copies of filings, which falls far short of violating the Rules of Professional Conduct. Mr. Haye's Motion to Disqualify is patently frivolous and is denied.

## II.    Motions to Reconsider/Vacate

Because Mr. Haye tends to file a multiplicity of motion papers, the Court divides his objections to the Court's Opinion and Order into categories.

### A.    Service Issues

Mr. Haye's first set of issues relating to service involves personal service of the Turnover Motion. (Docs. 173 at 1, 180 at 1, 181 at 1, 182 at 2). Insufficient personal service is, generally speaking, grounds to vacate a resulting judgment under Rule 60(b)(4). *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 & n.13 (11th Cir. 2009). The Receiver filed a Return of Service stating that the Turnover Motion was personally served on Melissa Sontheimer, who the process server indicated was an adult co-resident at the Property. (Doc. 100; *see also* Doc. 98-2).

Federal Rule of Civil Procedure 4(e)(2)(B) permits so-called "substituted service," providing that

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by . . . (B) leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Mr. Haye does not dispute that he received actual notice of the Turnover Motion, or that the address indicated on the Return of Service was his dwelling or usual place of abode. He only disputes that Melissa Sontheimer was "someone of suitable age and discretion who resides there." (Docs. 173 at 1, 180 at 1, 181 at 1, 182 at 2).

"[W]here the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present. . . . This standard applies whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)." *Oldfield*, 558 F.3d at 1217 (citations omitted). However, a return of service constitutes prima facie evidence of valid service. *Okehi v. Sec. Bank of Bibb Cnty.*, 199 F.R.D. 388, 391 (M.D. Ga. 2001 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993); *In re*

*Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000)).[1] Mr. Haye presents no evidence to rebut the process server's Return of Service. (Doc. 100). He has therefore failed to create any fact dispute on the issue of personal service.

Furthermore, Mr. Haye filed a response to the Turnover Motion which did not contest the issue of personal service. (Doc. 104). "A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (citing *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1353 (11th Cir. 1982)). Mr. Haye's various objections to personal service are therefore overruled.

The second set of service issues stems from the Receiver's alleged failure to properly serve Mr. Haye with its Supplemental Brief (Docs. 173 at 1, 179 at 1–2, 180 at 1, 181 at 1, 182 at 2, 183 at 1–3, 184 at 2, 186 at 1–2, 204 at 1, 215 at 1–2). The Court has already addressed this objection at length when it denied Mr. Haye's

---

[1] Moreover, to the extent Florida law governs because service of process took place there, "[i]f the process server's return of service is regular on its face, then Florida law presumes it is valid in the absence of clear and convincing contradictory evidence." *Rodger v. Quicken Loans Inc.*, No. 6:13-CV-1195-ORL-18TBS, 2013 WL 12388554, at *3 (M.D. Fla. Sept. 19, 2013), *report and recommendation adopted*, No. 6:13-CV-1195-ORL-37, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013); *accord Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (citing *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. 3d DCA 2011)). "Regular on its face" means the return of service attests to all the information required by the service statute. *Friedman*, 777 F. App'x at 331.

several requests for a stay of the Opinion and Order on this ground. (Doc. 206 at 7–10). Specifically, the Court found that "Mr. Haye was not prejudiced by a lack of service of the Supplemental Brief under Rule 5(b)," and therefore any error was likely harmless. (Doc. 206). To the extent that prior Order could be read to express only a tentative opinion as to harmless error, the Court clarifies: any alleged error in failing to properly serve Mr. Haye with the Supplemental Brief was harmless for the reasons the Court gave in its July 25, 2025 Order (Doc. 206), and therefore not ground "for vacating, modifying, or otherwise disturbing" the Opinion and Order. Fed. R. Civ. P. 61.

**B.    Merits**

The remaining issues in the motions center on the merits of the Opinion and Order, specifically challenging the Receiver's entitlement to the remedy of constructive trust (Doc. 173 at 2, 182 at 2), asserting Mr. Haye's status as a good faith transferee for value (Doc. 173 at 2, 180 at 2, 182 at 2, 197 at 1–2, 255 at 1–2), contesting the Receiver's right to seize Mr. Haye's homestead property (Doc. 173 at 2, 182 at 2, 197 at 2), and arguing that the Receiver lacked standing (Doc. 173 at 2). All of these arguments are attempts "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan,* 246 F. Supp. 2d at 1259. Mr. Haye fails to point to any "(1) newly discovered evidence; (2) . . . intervening development or

change in controlling law; or (3) . . . need to correct a clear error of law or fact." *Id.* at 1258-59 (N.D. Ga. 2003). The various requests for reconsideration are therefore denied.

## Conclusion

For the above reasons, it is

**ORDERED** that Mr. Haye's Motion to Disqualify Attorney (Doc. 175) is **DENIED**. It is

**FURTHER ORDERED** that Mr. Haye's Motion to Vacate or Stay Order due to Failure to Comply with Service Requirements (Doc. 179) is **DENIED**. It is

**FURTHER ORDERED** that Mr. Haye's Motion for Reconsideration of Opinion and Order (Doc. 186) is **DENIED**. It is

**FURTHER ORDERED** that Mr. Haye's Motion for Hearing (Doc. 188) is **DENIED AS MOOT**. It is

**FURTHER ORDERED** that Mr. Haye's Motion to Vacate Opinion and Order (Doc. 152) Due to Denial of Due Process (Doc. 215) is **DENIED**. It is

**FURTHER ORDERED** that Mr. Haye's Emergency Motion to Stay Turnover Deadline Pending Resolution of Tolling Motions (Doc. 255) is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of September, 2025.

_____

Victoria Marie Calvert
United States District Judge