UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

                          Civil Action No. 1:24-cv-03583-VMC

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

    Defendants,
and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

    Relief Defendants.
_____/

**PLAINTIFF'S MOTION TO APPOINT CLERK OF COURT
TO EXECUTE DEED PURSUANT TO
<u>OPINION AND ORDER [ECF NO. 152]</u>**

Pursuant to Federal Rule of Civil Procedure 70, Kenneth D. Murena, Esq., the court-appointed Receiver ("Receiver"), requests that the Court appoint the Clerk of the Court to execute a quit claim deed to the Receiver on behalf of the Receivership

Estate pursuant to the Court's June 30, 2025 Opinion and Order [ECF No. 152], and in support states:

1. On June 30, 2025, the Court issued its Opinion and Order [ECF No. 152] granting the Receiver's Motion for Turnover and Imposition of Constructive Trust ("Motion to Turnover"), over the St. Petersburg, Florida condominium unit (the "Haye Property") purchased entirely with misappropriated investor funds and conveyed to Mark Haye, as Trustee for the Mark Haye Living Trust. *See* ECF No. 98.

2. The Court, among other things, ordered that, within 45 days from the date of the Receiver's mailing Mr. Haye a quit claim deed, Mr. Haye execute a quit claim deed conveying the Haye Property to the Receiver and vacate the property. *See* ECF No. 152.

3. On July 11, 2024, the Receiver sent a copy of the Opinion and Order and quit claim deed via Federal Express overnight delivery and U.S. Priority Mail to Mr. Haye. *See* ECF No. 176.

4. Mr. Haye has not complied with the requirement of the Court's Opinion and Order that he execute the quit claim deed and vacate the Haye Property.

5. In such an event, the Court ordered that the Receiver may apply to the Court for an order under Federal Rule of Civil Procedure 70(a). *See* ECF No. 151, at page 19.

6.    Federal Rule of Civil Procedure 70(a) states:

> If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

7.    Rule 70 is designed to ensure compliance with Court directives. As Mr. Haye has not executed the quit claim deed, the Court should appoint a third-party to perform the ordered conveyance on behalf of Mr. Haye and order that the conveyance, once completed, shall have the same effect as though Mr. Haye had executed the quit claim deed.

8.    "If a party is required to perform a specific act and does not, Fed. R. Civ. P. 70 allows a court either to direct another to perform the act or in the case of a conveyance of land that is located in the court's district, to enter an order divesting the recalcitrant party of its interest in the land and vesting that interest in another." *See Health Sci. Prods. v. Taylor (In re Health Sci. Prods.)*, 191 B.R. 915, 918 (Bankr. N.D. Ala. 1995) (ordering defendants to execute a deed transferring the property, and providing that if they failed to do so, the judgment itself would stand as a good and sufficient conveyance of title under Rule 70).

9.    The Clerk of Court is an appropriate third-party to be appointed by the Court to execute the specific act of executing the quit claim deed as an impartial third

party. *See Loomis v. Gulf Oil Corp.*, 567 F. Supp. 591, 598 (M.D. Fla. 1983) (directing the Clerk pursuant to Fed. R. Civ. P. 70 to enter a writ of possession on real property); *see also Tiffany NJ Llc v. Individuals*, No. 0:20-cv-60299-KMM *21 (S.D. Fla. June 26, 2020) (ruling that if "[d]efendant fails to make such [ordered] assignment, the Court shall order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a)").

10. In the alternative, the Receiver suggests that this Court direct another third-party, such as a Magistrate Judge, to execute the deed consistent with the Court's authority under Rule 70. *See Chanel, Inc. v. The Individual, Bus. Entity, or Unincorporated Ass'n d/b/a Luxury-Bag-Sale.ru*, No. 21-62265-CIV, slip op. at 1–3 (S.D. Fla. Apr. 29, 2022) (ordering nonparty domain name registrars to execute the transfer and redirection of infringing websites into a court-controlled account); *see also Corus Constr. Venture, LLC v. Laketown Wharf Mktg. Corp. (In re Laketown Wharf Mktg. Corp.)*, 433 B.R. 401, 417 (Bankr. N.D. Fla. 2010) (the court authorized plaintiff or plaintiff's designee to record with the clerk of courts any documents needed to release, discharge, or expunge lis pendens notices filed by the purchasers against the subject property under Rule 70).

WHEREFORE, the Receiver respectfully requests that the Court appoint the Clerk of Court or another third-party to execute the quit claim deed on behalf of

Mark Haye, as trustee of the Mark Haye Living Trust, in the form attached as **Exhibit A**.

## CERTIFICATION OF CONFERENCE

The undersigned counsel certifies that prior to filing this motion the Receiver conferred with counsel for the SEC, and undersigned counsel conferred with counsel for the Relief Defendants and counsel for SEC and they have no opposition to the requested relief. Undersigned counsel attempted to confer with Defendant Russell Todd Burkhalter, but as of the time of this filing, Defendant Burkhalter did not provide his position on the relief requested. Undersigned counsel conferred with Mark Haye by email on September 4, 2025, and Mr. Haye objects to the relief requested.

Respectfully submitted,

s/ *Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
|    Florida Bar No. 1025060 |    Georgia Bar No. 636265 |
|    apavon@dvcattorneys.com |    Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
|    Florida Bar No. 44417 | Telephone: (404) 926-0053 |
|    rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN | VALORI | CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |

5

Miami, Florida  33131
Telephone: (305) 371-3960

## CERTIFICATE OF SERVICE, FONT AND MARGINS

      I hereby certify that on September 5, 2025, I electronically filed the foregoing Motion using the CM/ECF System, which will automatically send e-mail notification of such filing to all registered attorneys of record, and sent the foregoing Motion to Mark Haye by e-mail to mhaye@xxicenturyfin.com, and by U.S. Mail to Mr. Haye's residence in St. Petersburg, Florida 33701 and Defendant Russell Todd Burkhalter by e-mail.

      I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

      s/*Russell Landy*
      Russell Landy, Esq.
      Florida Bar No. 44417
      *Admitted Pro Hac Vice*