IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DRIVE PLANNING, LLC, and RUSSELL TODD BURKHALTER,<br><br>    Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES LLC, and TBR SUPPLY HOUSE, INC.,<br><br>    Relief Defendants. | Civil Action No.<br>1:24-cv-03583-VMC |

**ORDER**

Before the Court is the Receiver's Motion to Appoint Clerk of Court to Execute Deed. (Doc. 259).[1] On June 30, 2025, the Court entered an Opinion and

---

[1] The Court has reviewed the cases that the Receiver cited for the proposition that the Clerk of Court can be appointed under Rule 70(a). *See, e.g., Tiffany NJ LLC v. Individuals*, No. 0:20-cv-60299, slip op. at 17 (S.D. Fla. June 26, 2020), Dkt. No. 59. The Court has consulted with the Clerk of Court who has agreed to sign the quit

Order (Doc. 152) which granted the Receiver's Motion for Turnover and Imposition of Constructive Trust ("Motion for Turnover," Doc. 98) regarding certain real property (referred to in the Opinion and Order as the "Haye Property"). In the Opinion and Order, the Court, among other things, ordered that, within 45 days from the date of the Receiver's mailing Mr. Haye a form quit claim deed conveying the Haye Property to the Receiver, Mr. Haye execute the quit claim deed and vacate the property. The Receiver sent Mr. Haye a quit claim deed in compliance with the Court's direction on July 11, 2025 (Doc. 176), but despite the passage of more than 45 days, Mr. Haye has not executed the quitclaim deed and has not vacated the Haye Property. Moreover, through his efforts to obstruct the Receiver by filing repetitive and duplicative motions and objections, Mr. Haye has shown his recalcitrance and refusal to comply with the Opinion and Order.

Federal Rule of Civil Procedure 70(a) provides a remedy for enforcing a judgment for a specific act, including as relevant here "a judgment [that] requires a party to convey land, to deliver a deed or other document, or to perform any other specific act." If a "party fails to comply [with the judgment] within the time specified, the court may order the act to be done—at the disobedient party's

---

claim deed on the understanding that it is the responsibility of the Receiver to ensure that the deed is in recordable form and enforceable under applicable law.

2

expense—by another person appointed by the court." *Id.* "When done, the act has the same effect as if done by the party." *Id.*

There is no dispute that the Opinion and Order was a judgment[2] that required Mr. Haye to convey land and deliver a deed. There is also no dispute that Mr. Haye failed to comply with the Opinion and Order within the time it specified. Mr. Haye's objections go to the merits of the Motion for Turnover (Doc. 261-1), but Mr. Haye cannot collaterally attack a turnover judgment in a proceeding to enforce the judgment. *Cf. Oriel v. Russell*, 278 U.S. 358, 363 (1929) ("[The turnover order b]eing made, it should be given weight in the future proceedings as one that may not be collaterally attacked by an effort to try over the issue already heard and decided at the turnover."); *see also Bendall v. Lancer Mgmt. Grp., LLC*, 523 F. App'x 554, 557 (11th Cir. 2013) ("Given that a primary purpose of both receivership and bankruptcy proceedings is to promote the efficient and orderly administration of estates for the benefit of creditors, we will apply cases from the analogous context of bankruptcy law, where instructive, due to limited case law in the receivership context."). Mr. Haye has already exhausted the proper method to challenge the validity of the turnover judgment in this Court by seeking to reconsider or set

---

[2] Federal Rule of Civil Procedure 54(a) defines a judgment as "any order from which an appeal lies." 28 U.S.C. § 1292(a)(2) permits appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property."

aside the judgment, but the Court has denied Mr. Haye's motions. (Doc. 258). Mr. Haye has also appealed from the underlying Opinion and Order, but both this Court and the Court of Appeals have denied him a stay of enforcement of the turnover judgment pending the appeal. (Docs. 206, 267, 281). Thus, the appeal is no barrier to enforcement of the turnover judgment. *See* Fed. R. Civ. P. 62(c)(1) (interlocutory judgment in an action for receivership not stayed "even if an appeal is taken"). Accordingly, it is

**ORDERED** that the Receiver's Motion to Appoint Clerk of Court to Execute Deed (Doc. 259) is **GRANTED**. It is

**FURTHER ORDERED** that the Clerk is **DIRECTED** to terminate the Motion to Stay Turnover During Appeal (Doc. 290). It is

**FURTHER ORDERED** that within 14 days of the date of entry of this Order, the Receiver shall file and deliver to Chambers a form quit claim deed which is substantively similar in all respects to the form deed delivered to Mr. Haye, except that it shall contain a signature block stating

> By:  [original signature of Kevin P. Weimer]
>
> Kevin P. Weimer, solely in his capacity as Clerk of the United States District Court for the Northern District of Georgia, and solely as appointed by, and to the extent authorized by the October 8, 2025 Order of the United States District Court for the Northern District of Georgia in Case No. 1:24-cv-03583-VMC.

To the extent the quit claim deed requires notarization, the form deed shall contain a notary block reflecting that it is to be notarized in Fulton County, Georgia.

The Receiver is responsible for arranging a notary and any necessary witnesses to attend the execution, and may contact Chambers directly to arrange for a time and date for execution.

**SO ORDERED** this 8th day of October, 2025.

                                                                Victoria Marie Calvert
                                                                United States District Judge