UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

    **Plaintiff,**

v.

                                         Civil Action No. 1:24-cv-03583-VMC

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

    **Defendants,**
**and**

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

    **Relief Defendants.**
_____/

## AMENDED DECLARATION OF COURT-APPOINTED RECEIVER
## <u>KENNETH D. MURENA</u>

    I, Kenneth D. Murena, state as follows:

    1.    I am over 18 years of age, am a resident of Miami-Dade County, Florida, and am competent to make this declaration upon knowledge I have gathered pursuant to my appointment and in my role as Receiver of Drive Planning,

LLC ("Drive Planning") in the above-captioned matter pursuant to the Order Appointing Receiver [ECF No. 10] (the "Appointment Order").

2. My attorneys, forensic accountants, and I investigated the purchase and ownership of Club 201[1] by reviewing bank account statements, wire confirmations, public records, and a forensic reconstruction of accounts and transactions of Drive Planning to trace the funds used to purchase Club 201.

3. The total purchase price of Club 201 was $985,708.00, of which Drive Planning paid $652,375.04 in cash and the remaining balance of $335,708.00 represented a note assumed by Mr. Burkhalter secured by the liquor license (License No. BEV62-00711). *See* Closing Documents attached as **Exhibit 1**.

4. My review of Drive Planning's Truist Bank statements confirmed that on March 18, 2024, Drive Planning wired $25,000, and on March 27, 2024, Drive Planning wired $627,375.04 to the trust account of Hitchens & Hitchens, P.A., the closing attorneys for the purchase of Club 201. The details of these wire transfers are attached as **Composite Exhibit 2**.

5. My review of Drive Planning's Chase Bank statements confirmed additional large wires to the bank account of Club 201 totaling $220,000. The details of these wire transactions are as follows:

---

[1] Defined terms contained in this declaration have the same meaning as those in my motion for constructive trust to which this Declaration is an exhibit.

| Wire Date | Type  | Withdrawals/CC Charges | Name                    |
|-----------|-------|------------------------|-------------------------|
| 04/15/24  | Wire  | $50,000.00             | Club 201 at the Detroit |
| 05/16/24  | Wire  | $50,000.00             | Club 201 at the Detroit |
| 06/28/24  | Check | $20,000.00             | Club 201 at the Detroit |
| 07/15/24  | Check | $50,000.00             | Club 201 at the Detroit |
| 08/14/24  | Check | $50,000.00             | Club 201 at the Detroit |

*See* Analysis of Transfers to Club 201 at the Detroit, attached as **Exhibit 3**.

6. The foregoing transfers of funds from Drive Planning were used to fund Club 201.

7. The Receiver identified additional smaller payments from Drive Planning to Club 201, both before and after Drive Planning purchased it for Mr. Burkhalter, totaling $14,464.61. These payments were made from Drive Planning bank accounts funded with investor money and credit cards for which the balances were paid with investor money. *See* Exhibit 3.

8. Therefore, the total amount of funds that Club 201 received from Drive Planning accounts holding investor funds was $886,839.65.

9. On the dates that the funds were transferred from Drive Planning's accounts for the purchase and funding of Club 201, Drive Planning's accounts contained millions of dollars of Drive Planning investor funds, and the Truist Bank account was the account used by Drive Planning to receive and disburse investor funds. *See* ECF No. 81.

10. I determined that Drive Planning alone paid the cash component of the purchase price for Club 201 with funds that investors had deposited into Drive Planning's account for the purpose of investing in a Drive Planning investment program.

11. Further, despite the Court's Preliminary Injunction [ECF No. 11] requiring that Defendant Burkhalter provide the Receiver with weekly reports of all funds deposited into and withdrawn from the Club 201 account during the receivership, as well as any other information regarding the flow of such funds or the business operations of Club 201 that the Receiver may request, Mr. Burkhalter has not provided the required reports and requested supporting information since his counsel's withdrawal.

12. The Receiver's counsel has spoken with two employees of Club 201 who expressed concerns regarding Club 201's financial mismanagement. The employees reported that sales taxes have not been paid since Mr. Burkhalter took over ownership of the bar, though the liquor license and rent remain current. As of the date of this Declaration, Mr. Burkhalter is receiving a salary of $1,200 per week from Club 201.

13. On August 20, 2024, the Receiver filed the SEC's Complaint in this enforcement action and the Appointment Order in the Middle District of Florida, commencing a miscellaneous action in the district in which Club 201 is located in

accordance with 28 U.S.C. § 754. *See* Notice of Filing Complaint and Order Appointing Receiver, attached as **Exhibit 4**. On August 21, 2024, the Appointment Order was recorded in Pinellas County in which Club 201 is located. *See* recorded certified copy of Appointment Order, attached as **Exhibit 5**.

Under penalties of perjury, I declare that I have read the foregoing and that the facts contained therein are true and correct.

*/s/ Kenneth D. Murena*
Kenneth D. Murena
October 30, 2025