UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br>RUSSELL TODD BURKHALTER, and DRIVE PLANNING, LLC,<br><br>Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES, and TBR SUPPLY HOUSE, INC.,<br><br>Relief Defendants. | Civil No. 1:24-cv-3583-VMC |

**CONSENT OF RELIEF DEFENDANT JACQUELINE BURKHALTER**

1. Relief Defendant Jacqueline Burkhalter ("Relief Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over her and over the subject matter of this action.

2. Without admitting the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) orders Relief Defendant to relinquish all legal and equitable rights, interest, and title in the following properties to the Receiver: (i) 1019 Hardscrabble Rd. Mineral Bluff, GA; (ii) 1061 Hardscrabble Rd. Blue Ridge, GA; (iii) 176 4th Ave. NE #1101 St. Petersburg, FL; (iv) 558 Tower Rd. Mineral Bluff, GA; (v) 1147 Piney Road Mineral Bluff, GA; (vi) 93 Sheridan Dr. NE #5 Atlanta, GA; (vii) 620 Peachtree Street Atlanta, GA; and (viii) 425 W First Street Blue Ridge, GA;

(b) orders, with respect to [redacted] Morganton, Georgia, Relief Defendant to execute and deliver to the Receiver a promissory note establishing her indebtedness to the Receivership Estate, a security deed as to the property securing her obligations under the note, and other documents necessary to effectuate such note and security deed, in form and substance acceptable to the Receiver, and shall take all actions reasonably necessary to enable the Receiver to perfect, record, and enforce such security interest in the property on behalf of the Receivership Estate;

(c) orders, with respect to [redacted] Atlanta, GA ("the

[redacted] Property"), Relief Defendant to cooperate fully with and facilitate the execution and delivery to the Receiver of a promissory note establishing the indebtedness of the owners of the [redacted] Property to the Receivership Estate, a security deed as to the [redacted] Property securing the obligations of the owners of the [redacted] Property under the note, and other documents necessary to effectuate such note and security deed, in form and substance acceptable to the Receiver, and shall take all actions reasonably necessary to enable the Receiver to perfect, record, and enforce such security interest in the [redacted] Property on behalf of the Receivership Estate, and Relief Defendant shall assign to the Receiver any interest or claim she may have as to the [redacted] Property; and

(d) orders Relief Defendant to relinquish to the Receiver all legal and equitable rights, interest, and ownership in the Burkhalter Ranch Corporation; Drive Properties, LLC; Drive Gulfport Properties; TBR Supply House, Inc.; and TBR Outdoors Supply LLC.

3. Relief Defendant acknowledges that the Receiver shall hold the assets (collectively, the "Assets") until further order of this Court. The Receiver may propose a plan to dispose of or otherwise distribute the Assets subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Assets.

4. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

7. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the

claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: August 7, 2026

Jacqueline A Burkhalter
Jacqueline Burkhalter

On 7 August, 2026, Jacquelin Burkhalter, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

J RENEE SMITH
NOTARY PUBLIC
Fannin County
State of Georgia
My Comm. Expires 10/20/28

Notary Public
Commission expires: 10-20-2028

Approved as to form:

Ceci Christy
Ceci Christy, Esq. Ga. Bar. No. 370092
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Rd., Ste. 350
Atlanta, Georgia 30329
cchristy@rlkglaw.com

Attorney for Relief Defendant