**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**(ATLANTA DIVISION)**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br>**RUSSELL TODD BURKHALTER, and DRIVE PLANNING, LLC,**<br><br>**Defendants,**<br><br>**and**<br><br>**JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES, and TBR SUPPLY HOUSE, INC.,**<br><br>**Relief Defendants.** | **Civil No. 1:24-cv-3583-VMC** |

**FINAL JUDGMENT AS TO RELIEF**
**DEFENDANT JACQUELINE BURKHALTER**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Jacqueline Burkhalter ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant shall:

A. Relinquish all legal and equitable rights, interest, and title in the following properties to the Receiver: (i) 1019 Hardscrabble Rd. Mineral Bluff, GA; (ii) 1061 Hardscrabble Rd. Blue Ridge, GA; (iii) 176 4th Ave. NE #1101 St. Petersburg, FL; (iv) 558 Tower Rd. Mineral Bluff, GA; (v) 1147 Piney Road Mineral Bluff, GA; (vi) 93 Sheridan Dr. NE #5 Atlanta, GA; (vii) 620 Peachtree Street Atlanta, GA; and (viii) 425 W First Street Blue Ridge, GA;

B. With respect to [redacted] Morganton, Georgia, execute and deliver to the Receiver a promissory note establishing her indebtedness to the Receivership Estate, a security deed as to the property securing her obligations under the note, and other documents necessary to effectuate such note and security deed, in form and substance acceptable to the Receiver, and shall take all actions reasonably necessary to enable the Receiver to perfect, record,

and enforce such security interest in the property on behalf of the Receivership Estate;

C. With respect to [redacted], Atlanta, GA ("the [redacted] Property"), cooperate fully with and facilitate the execution and delivery to the Receiver of a promissory note establishing the indebtedness of the owners of the [redacted] Property to the Receivership Estate, a security deed as to the [redacted] Property securing the obligations of the owners of the [redacted] Property under the note, and other documents necessary to effectuate such note and security deed, in form and substance acceptable to the Receiver, and shall take all actions reasonably necessary to enable the Receiver to perfect, record, and enforce such security interest in the [redacted] Property on behalf of the Receivership Estate, and Relief Defendant shall assign to the Receiver any interest or claim she may have as to the [redacted] Property; and

D. Relinquish to the Receiver all legal and equitable rights, interest, and ownership in the Burkhalter Ranch Corporation; Drive Properties, LLC; Drive Gulfport Properties; TBR Supply House, Inc.; and TBR Outdoors Supply LLC.

The Receiver shall hold the assets (collectively, the "Assets") until further order of this Court. The Receiver or the Commission may propose a plan to dispose of or otherwise distribute the Assets subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Assets.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Relief Defendant's accounts at JPMorgan Chase Bank ending in xx6932, xx7925, and xx5590 (containing a total of approximately $3,700) shall be unfrozen. The Relief Defendant's accounts at South State Bank ending in xx0122 and xx0818 (containing a total of approximately $2,800) shall also be unfrozen.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _______________, 2026

_________________________________
VICTORIA M. CALVERT
UNITED STATES DISTRICT JUDGE