UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br>RUSSELL TODD BURKHALTER, and DRIVE PLANNING, LLC,<br><br>Defendants,<br><br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES, and TBR SUPPLY HOUSE, INC.,<br><br>Relief Defendants. | Civil No. 1:24-cv-3583-VMC |

**CONSENT OF RELIEF DEFENDANT**
**DRIVE GULFPORT PROPERTIES, LLC**

1. Relief Defendant Drive Gulfport Properties, LLC ("Relief Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2. Without admitting the allegations of the complaint (except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things: orders Relief Defendant to relinquish to the Receiver all legal and equitable rights, interest, and title in the property located at (i) 5325 31st Avenue Gulf Port, FL, and (ii) 5331 31st Avenue Gulf Port, FL.

3. Relief Defendant acknowledges that the Receiver shall hold the property (collectively, the "Property") until further order of this Court. The Receiver may propose a plan to dispose of or otherwise distribute the Property subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Property.

4. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

7. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 8/7/2026

Drive Gulfport Properties, LLC

By: Jacqueline J Burkhalter
Jacqueline Burkhalter
Title: Mang. Member
Address: 1670 Hideaway Rd. # 1
Morganton GA 30560

On 7 August, 2026, Jacqueline Burkhalter, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Drive Gulfport Properties, LLC as its CEO.

J RENEE SMITH
NOTARY PUBLIC
Fannin County
State of Georgia
My Comm. Expires 10/20/28

J. Renee Smith
Notary Public
Commission expires: 10-20-2028

Approved as to form:

Ceci Christy
Ceci Christy, Esq. Ga. Bar No. 370092
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Rd., Ste. 350
Atlanta, Georgia 30329
cchristy@rlkglaw.com

Attorney for Relief Defendant