**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

Defendants,

and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

Relief Defendants.

Case No. 1:24-cv-03583-VMC

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED ON LANDMARK DRIVE IN SUMTER, SOUTH CAROLINA BEFORE OCTOBER 16, 2026 CLOSING DEADLINE**

Kenneth D. Murena, as Court-Appointed Receiver (the "Receiver") in the above-styled action, through undersigned counsel, hereby files this Unopposed Motion to approve sale of real property located on Landmark Drive in Sumter, South Carolina, before the October 16, 2026 closing deadline, and in support states:

## BACKGROUND

This action commenced on August 13, 2024, with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants Drive Planning, LLC and Russell Todd Burkhalter and Relief Defendants Jacqueline Burkhalter, The Burkhalter Ranch Corporation, Drive Properties, LLC, Drive Gulfport Properties LLC, and TBR Supply House, Inc. On August 13, 2024, the Court entered an Order Appointing Receiver (the "Appointment Order"), appointing Kenneth D. Murena, Esq. as Receiver of Drive Planning, LLC ("Drive Planning"). *See* ECF No. 10.

The Court found that the appointment of a Receiver was necessary to marshal, preserve, and recover assets derived from fraudulent activities tied to the Defendants' alleged Ponzi scheme. *See id*. at pp. 1-2. The Receiver was tasked with, *inter alia*, securing assets acquired with or otherwise traceable to investor funds, managing the Receivership Estate, and liquidating assets for the benefit of defrauded investors. *See id*. at ¶¶ 4-7.

As part of his duties under the Appointment Order, the Receiver engaged in discussions with David Bradford and his wife, Gabriela Giron, to recover assets acquired using funds originating from Drive Planning. Mr. Bradford served as an agent for Drive Planning and received millions of dollars in commissions derived from investor funds. In fact, Mr. Bradford was the highest-paid Drive Planning

agent, receiving commission amounts that significantly exceeded those paid to other agents of Drive Planning. As a result of negotiations, the Receiver entered into a Preliminary Asset Turnover Agreement with Mr. Bradford and Ms. Giron. Under the agreement, Mr. Bradford and Ms. Giron voluntarily agreed to transfer a broad range of assets to the Receivership Estate, and the Receiver reserved the right to seek recovery of additional assets from them. The assets that were turned over include numerous rental properties located in South Carolina including the property on Landmark Drive in Sumter, South Carolina (the "Landmark Drive Property").

The Landmark Drive Property was acquired on March 6, 2023 for $155,000 and titled in the name of MA Homes SC, LLC (an entity owned by Mr. Bradford and Ms. Giron). Pursuant to the Preliminary Asset Turnover Agreement, the property was transferred to the Receivership Estate post-receivership through a quitclaim deed. Since its turnover, the Landmark Drive Property has been occupied by a tenant and has generated rental income of $1,350 per month for the Receivership Estate until the tenancy was terminated.

The Landmark Drive Property is also subject to a mortgage that was not disclosed to the Receiver at the time the property was voluntarily turned over to the Receivership Estate. After the turnover, the Receiver learned that Shellpoint Mortgage Servicing ("Shellpoint") serviced a mortgage encumbering the Landmark Drive Property. Since learning of the mortgage, the Receiver has taken steps to

preserve the property and protect the Receivership Estate's interest, including curing amounts represented to be outstanding and making the required monthly mortgage payments.

The Receiver has encountered significant and persistent difficulties with Shellpoint's servicing and accounting for the mortgage. Among other issues, payments made by the Receiver have not always been properly or timely credited to the account, payments have been returned to the Estate, and the Receiver has received inconsistent information concerning the status of the loan and amounts allegedly due. Despite the Receiver's efforts to keep the mortgage current, Shellpoint has also issued delinquency and foreclosure-related communications, requiring the Receiver and his counsel to expend additional time and resources addressing the account and protecting the Landmark Drive Property from improper collection or foreclosure activity. The Receiver currently makes monthly mortgage payments of approximately $1,091.99 on the Landmark Drive Property. The Receiver understands the outstanding balance of the mortgage is approximately $109,000.

Based on the Receiver's investigation of the Sumter, South Carolina real estate market, and in particular the area where the Landmark Drive Property is located, and consultation with multiple realtors familiar with that area, with due regard to realizing the true and proper value of the Landmark Drive Property and

preventing waste and/or incurring expenses to maintain it, including the ongoing mortgage costs, the Receiver believed it would be in the best interest of the Receivership Estate to start marketing the property for sale by listing it for sale with a reputable and experienced realtor.

After interviewing several qualified realtors, the Receiver selected The Tyler Simmons Team at Coldwell Banker ("Tyler Simmons") to assist him with the marketing and sale of the Landmark Drive Property. Tyler Simmons has extensive experience in selling real estate throughout Sumter County, its realtors are familiar with the local real estate market and the community in which the Landmark Drive Property is located, and it has an impressive sales record within the area.

Accordingly, the Receiver entered into an exclusive listing agreement for the Landmark Drive Property, which provided, among other things, the commission structure for Tyler Simmons and any broker of a buyer in the sale of the Landmark Drive Property. In particular, in the event that the buyer is introduced to Tyler Simmons through an independent broker, both brokers would be entitled to receive a 5% commission (as a percentage of the purchase price), with Tyler Simmons receiving 2.5% and the buyer's broker receiving 2.5%, as full compensation for services performed in connection with the marketing and sale of the Landmark Drive Property. In the event Tyler Simmons procures the buyer and does not need to share the commission with another broker, Tyler Simmons would receive a 4%

commission as full compensation. These proposed commissions are below the market rate of 6% with each broker receiving a 3% commission, which will result in meaningful savings for the Estate.

**FACTUAL BASIS SUPPORTING APPROVAL OF PRIVATE SALE**

Mr. Bradford purchased the Landmark Drive Property for $155,000 on March 6, 2023, using funds derived from Drive Planning investors. After conducting extensive market research, Tyler Simmons concluded that the Landmark Drive Property has a current market value slightly higher than its purchase price.

The property was listed on September 2, 2026 for $170,000. The delay in listing the property following its turnover to the Receiver was primarily attributable to an uncooperative tenant who initially failed to provide access to the property and did not timely pay rent. Specifically, although the tenant initially paid rent, he repeatedly failed to provide the Receiver and his agents with access to the Landmark Drive Property and subsequently became delinquent on his rental payments. As a result, the Receiver terminated the month-to-month tenancy based on the tenant's failure to timely pay rent and provide access to the Landmark Drive Property. Upon receipt of a formal demand to vacate, the tenant surrendered possession of the Landmark Drive Property.

Shortly after the Landmark Drive Property was listed for sale, the Receiver received an offer from a prospective purchaser (the "Buyer") to purchase the

Landmark Drive Property for $165,000, subject to, among other terms, $3,500 in seller-paid closing costs and a three-percent (3%) buyer's agent commission. The Receiver did not accept the initial offer and instead countered at a purchase price of $167,000, with no seller-paid closing-cost credit and a reduced two-and-one-half-percent (2.5%) buyer's agent commission. The Buyer thereafter advised that closing-cost assistance was necessary to obtain financing through an FHA loan and countered at a purchase price of $177,000, with the Receiver providing $10,000 in closing-cost assistance. As the $177,000 purchase price, after application of the $10,000 closing-cost credit, would result in an effective purchase price of $167,000 before commissions and other closing expenses (the same effective purchase price as the Receiver's prior counteroffer), the Receiver accepted those terms, and the parties entered into a Purchase and Sale Agreement, attached hereto as **Exhibit A**, memorializing the agreed-upon terms. The agreement provides for a closing on October 16, 2026. The Receiver has requested an updated payoff from Shellpoint and anticipates a payoff of the mortgage of approximately $109,000.

Because it is possible that the sale to the Buyer does not close, the Receiver also seeks this Court's approval to sell the Landmark Drive Property to another buyer for at least $167,000, so that the Estate need not incur further expenses seeking Court approval for the sale of the property at or above the effective sale price in the Purchase and Sale Agreement. The Appointment Order provides the Receiver the

authority to ". . . dispose of any Receivership Property, *other than real estate*, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate". *See id.* at ¶ 37 (emphasis added). Accordingly, the Receiver seeks this Court's approval of the sale of the Landmark Drive Property pursuant to the Purchase and Sale Agreement attached as Exhibit A because it is in the best interest of the Estate for the reasons set forth herein.

**<u>LEGAL BASIS SUPPORTING APPROVAL OF PRIVATE SALE</u>**

Judicial sales of real property such as the sale of the Landmark Drive Property are governed by 28 U.S.C. § 2001. Pursuant to subsection (b) of that statute, a receiver may conduct a judicial sale of real property as a private sale subject to court approval after notice to all interested parties and hearing.[1] This Court has authority to approve a private sale of real property, and has significant discretion in setting the terms and conditions for such sale, provided that the Court believes the sale is in the best interest of the Estate. *See SEC v. McClintock,* No. 1:12-CV-04028-SCJ, 2020 U.S. Dist. LEXIS 266272 at *5 (N.D. Ga. July 20, 2020) (authorizing a judicial sale of property under 28 U.S.C. § 2001(b) because it was "clearly in the best interests

---

[1] 28 U.S.C. § 2001 (b) provides in pertinent part:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.

of the Receivership Estate."); *see also U.S. v. Coal Branch Corp.*, 390 F.2d 7, 9-10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales."). "It is a well settled rule that, except in cases of abuse, appellate courts will not disturb the exercise of a district court's discretion in setting the terms and conditions for a judicial sale and the confirmation thereof." *Coal Branch Corp.*, 390 F.2d at 9-10. Further, the Court can waive the specific requirements of 28 U.S.C. § 2001 where it believes that the receiver has substantially complied with the requirements of the statute in connection with the sale of real property. *See McClintock,* 2020 U.S. Dist. LEXIS 266272 at *5.

Moreover, the Receiver believes that his engagement of an experienced real estate broker, the efforts made to market the Landmark Drive Property for sale, including without limitation, listing it in the Multiple Listing Service, promoting the property to qualified potential purchasers, and performing an extensive analysis of the real estate market, including comparable sales and listings, and receiving an offer from and negotiating with the Buyer, exceeds the requirements of 28 U.S.C. § 2001, including three appraisals and publication of the proposed sale of the Landmark Drive Property for 10 days. The Receiver believes waiving the requirements of three appraisals and publishing the proposed sale, in light of the costs associated therewith, is particularly appropriate here and soundly within the Court's discretion based on

the favorable offer received and the current market value of the Landmark Drive Property.

Accordingly, the Receiver respectfully requests that the Court exercise its discretion to approve the sale of the Landmark Drive Property under the terms provided herein, find that the Receiver has substantially complied with the intent of 28 U.S.C. § 2001, and relieve the Receiver of the statutory requirements of a judicial sale of real property as permitted under applicable case law.

## FINALITY OF ORDER

In light of the consent of the parties to the sale of the Landmark Drive Property contemplated by the Purchase and Sale Agreement, the Receiver requests that the Court order that any reversal or modification on appeal of the authorization to consummate the sale shall not affect the validity of the sale of that property to the Buyer or its assigns. This provision will allow for the immediate conveyance of the property with finality, such that the title insurance company will be able to write the necessary title policy to close the sale without waiting for the expiration of the deadline to appeal this Court's order approving the sale. Good cause exists for including this provision in the sale approval order because the Purchase and Sale Agreement requires the sale to close before the likely appeal deadline. Any delay in closing the sale will result in increased carrying costs for the Estate and may subject the Receiver to being in default under the Purchase and Sale Agreement.

## CERTIFICATION OF CONFERENCE

Undersigned counsel hereby certifies that the Receiver has conferred with counsel for the SEC regarding the relief requested herein, and the SEC has no objection to the requested relief. Undersigned counsel further certifies that she has conferred with Defendant Burkhalter, and he has no objection to the requested relief. And, undersigned counsel has conferred with counsel for all Relief Defendants, and counsel for the Relief Defendants confirmed that the Relief Defendants have no objection to the requested relief.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit B**, approving the sale of the Landmark Drive Property to the Buyer in accordance with the terms and conditions set forth in the Purchase and Sale Agreement, attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: September 22, 2026

s/ *Adriana M. Pavon*
Adriana M. Pavon , Esq.
Florida Bar No. 1025060
*Admitted Pro Hac Vice*

*Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver*
Russell Landy
Florida Bar No. 44417
rlandy@dvllp.com

*Admitted Pro Hac Vice*

Adriana M. Pavon
Florida Bar No. 1025060
apavon@dvcattorneys.com
*Admitted Pro Hac Vice*

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

*Local Counsel for Kenneth D. Murena, as Court-Appointed Receiver*

Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
Telephone: (404) 926-0053
hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I HEREBY CERTIFY that on September 22, 2026, I electronically filed the foregoing Motion using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record, and I sent the Motion to Defendant Burkhalter by email.

I FURTHER CERTIFY that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: September 22, 2026.

s/ *Adriana M. Pavon*
Adriana M. Pavon , Esq.
Florida Bar No. 1025060
*Admitted Pro Hac Vice*