**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br>DRIVE PLANNING, LLC, and RUSSELL TODD BURKHALTER,<br><br>Defendants,<br>and<br><br>JACQUELINE BURKHALTER, THE BURKHALTER RANCH CORPORATION, DRIVE PROPERTIES, LLC, DRIVE GULFPORT PROPERTIES LLC, and TBR SUPPLY HOUSE, INC.,<br><br>Relief Defendants. | Case No. 1:24-cv-03583-VMC |

**RECEIVER'S UNOPPOSED MOTION TO APPROVE SALE OF REAL PROPERTY LOCATED ON MELTON STREET IN MONTEVALLO, ALABAMA BEFORE OCTOBER 9, 2026 CLOSING DEADLINE**

Kenneth D. Murena, as Court-Appointed Receiver (the "Receiver") in the above-styled action, through undersigned counsel, hereby files this Unopposed Motion to approve the sale of real property located at 195 Melton Street in Montevallo, Alabama (the "Melton Street Property"), before the October 9, 2026 closing deadline, and in support states:

**BACKGROUND**

This action commenced on August 13, 2024, with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants Drive Planning, LLC and Russell Todd Burkhalter and Relief Defendants. On August 13, 2024, the Court entered an Order Appointing Receiver (the "Appointment Order"), appointing Kenneth D. Murena, Esq. as Receiver of Drive Planning, LLC. *See* ECF No. 10.

As part of his duties under the Appointment Order, the Receiver negotiated a Preliminary Asset Turnover Agreement (the "Asset Turnover Agreement") with David Bradford and his wife, Gabriela Giron. Mr. Bradford served as Drive Planning's highest-paid agent and received millions of dollars in commissions derived from investor funds. Under the Asset Turnover Agreement, Mr. Bradford and Ms. Giron voluntarily transferred a portfolio of properties to the Receivership Estate, including the Melton Street Property, which was acquired for $111,000 in 2023 with funds derived from Drive Planning investors. Pursuant to the Asset Turnover Agreement, title to the Melton Street Property was transferred to the Receivership Estate.

With due regard to realizing the true value of the Melton Street Property and preventing waste and unnecessary expense, the Receiver determined it would be in the best interest of the Receivership Estate to immediately market the property for

sale. Accordingly, the Receiver engaged a listing agent familiar with the local Shelby County, Alabama real estate market to assist with marketing and sale of the Melton Street Property.

## FACTUAL BASIS SUPPORTING APPROVAL OF PRIVATE SALE

The Melton Street Property has been actively marketed. The Receiver received multiple offers, the highest of which, other than the contract now before the Court, was $122,000. That buyer submitted an offer containing an escalation clause providing that it would beat any competing offer by $2,000. Applied to the highest competing offer at the time of $120,000, the escalation clause produced an accepted purchase price of $122,000. That transaction did not close due to buyer financing failure. The Receiver thereafter received and accepted the offer at issue here.

The Receiver has entered into a General/Financed Residential Contract (the "Purchase and Sale Agreement") with LM Homes LLC (the "Buyer") for a purchase price of $125,000, subject to Court approval. *See* Purchase and Sale Agreement, attached as **Exhibit A**. The material terms are as follows: (i) purchase price of $125,000; (ii) a seller concession of $5,000 toward the Buyer's closing costs; (iii) a buyer broker commission of 2.5% of the purchase price; (iv) sale of the property in as-is condition with no right to inspect and no repairs to be requested; and (v) the Buyer accepts the property with the existing tenant in occupancy and assumes all

costs and responsibility for eviction and removal of the tenant after closing. The closing is scheduled for October 9, 2026.

The Receiver submits that approval of this sale is in the best interest of the Receivership Estate for several independent reasons. First, the purchase price reflects or exceeds fair market value. Multiple previous offers established a market price of approximately $120,000, and the $125,000 less $5,000 seller concession purchase price meets that consistent benchmark. After deducting the 2.5% buyer broker commission, and estimated closing costs, the Receiver anticipates net proceeds to the Estate of approximately $112,000—a break-even or slight gain over the $111,000 acquisition price paid by Bradford in 2023 using investor funds.

Second, the Melton Street Property requires extensive repairs that the Receiver has elected not to undertake. Continuing to hold the property imposes ongoing maintenance and carrying costs on the Estate with no corresponding upside. Third, the property currently has a tenant in occupancy. The Receiver has initiated eviction proceedings, with a pending consent judgment that provides an estimated move-out date of September 25, 2026. The Buyer has agreed to accept the property with the tenant in place and to bear all costs and responsibility for eviction and removal after closing, eliminating the tenant burden from the Estate. Proceeding with this sale on these terms, with a willing and able buyer, serves the Estate's interest in prompt liquidation and return of value to defrauded investors.

Because it is possible that the sale to the Buyer does not close, the Receiver also seeks this Court's approval to sell the Melton Street Property to another buyer for at least $120,000 under similar terms, so that the Estate need not incur further expense seeking Court approval for a comparable transaction.

## LEGAL BASIS SUPPORTING APPROVAL OF PRIVATE SALE

Judicial sales of real property such as the sale of the Melton Street Property are governed by 28 U.S.C. § 2001. Pursuant to subsection (b) of that statute, a receiver may conduct a private sale of real property subject to court approval after notice to all interested parties.[1] This Court has authority to approve a private sale of real property, and has significant discretion in setting the terms and conditions for such sale, provided that the Court finds the sale is in the best interest of the Estate. *See SEC v. McClintock*, No. 1:12-CV-04028-SCJ, 2020 U.S. Dist. LEXIS 266272, at *5 (N.D. Ga. July 20, 2020) (authorizing judicial sale under 28 U.S.C. § 2001(b) because it was "clearly in the best interests of the Receivership Estate"); *see also U.S. v. Coal Branch Corp.*, 390 F.2d 7, 9–10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales."). Further, the Court may waive

[1] 28 U.S.C. § 2001(b) provides in pertinent part: "After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby."

the specific requirements of 28 U.S.C. § 2001 where the receiver has substantially complied with the statute. *See McClintock*, 2020 U.S. Dist. LEXIS 266272, at *5.

The Receiver's engagement of an experienced real estate broker, his receipt of multiple competing offers that establish fair market value, and his negotiation of an arm's-length agreement at a price that equals or exceeds market value satisfy the intent of 28 U.S.C. § 2001. The Receiver respectfully requests that the Court exercise its discretion to approve the sale, find that the Receiver has substantially complied with the intent of 28 U.S.C. § 2001, and relieve the Receiver of the specific statutory requirements of a judicial sale of real property as permitted under applicable case law.

## FINALITY OF ORDER

In light of the parties' consent to the proposed sale, the Receiver requests that the Court order that any reversal or modification on appeal of the authorization to consummate the sale shall not affect the validity of the sale of the Melton Street Property to the Buyer or its assigns. This provision will allow for the immediate conveyance of the property with finality, such that the title insurance company will be able to issue the necessary title policy to close the sale before the October 9, 2026 closing deadline.

## CERTIFICATION OF CONFERENCE

The undersigned counsel certifies that on September 21, 2026, the Receiver sent an email to counsel for the SEC, and undersigned counsel sent emails to Defendant Burkhalter and counsel for the Relief Defendants, requesting that they confirm whether they have any objections to the sale proposed herein. Counsel for the SEC informed the Receiver that the SEC has no objection to the proposed sale, and Defendant Burkhalter and counsel for the Relief Defendants informed undersigned counsel that they have no objection to the sale.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit B**, approving the sale of the Melton Street Property to the Buyer in accordance with the terms and conditions set forth in the Purchase and Sale Agreement, and grant such other and further relief as the Court deems just and proper.

Dated: September 24, 2026.

s/ *Adriana M.Pavon*
Adriana M. Pavon , Esq.
Florida Bar No. 1025060
*Admitted Pro Hac Vice*
*Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver*
Russell Landy
Florida Bar No. 44417
rlandy@dvllp.com
*Admitted Pro Hac Vice*

Adriana M. Pavon
Florida Bar No. 1025060
apavon@dvcattorneys.com
*Admitted Pro Hac Vice*

DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960

*Local Counsel for Kenneth D. Murena, as Court-Appointed Receiver*

Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
Telephone: (404) 926-0053
hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I HEREBY CERTIFY that on September 24, 2026, I electronically filed the foregoing Motion using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record, and served the Motion on Defendant Burkhalter by email.

I FURTHER CERTIFY that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: September 24, 2026.

s/ *Adriana M. Pavon*
Adriana M. Pavon, Esq.
Florida Bar No. 1025060
*Admitted Pro Hac Vice*